**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome EVANS, Defendant-Appellant.**

**No. 432, Docket 81–1230.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 24, 1981.

Decided Nov. 30, 1981.

Henry Putzel, III, New York City, for appellant.

Marion Bachrach, Asst. U. S. Atty., Brooklyn, N. Y. (Charles Rose, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y.), for appellee.

Before KAUFMAN, TIMBERS, and MESKILL, Circuit Judges.

PER CURIAM:

█ This is an appeal from a judgment entered by Judge John R. Bartels upon a jury verdict convicting Jerome Evans of one count of armed bank robbery in violation of 18 U.S.C. § 2113(d)[1] and § 2 and one count of bank robbery in violation of 18

---

**1.** 18 U.S.C. § 2113(d) provides:

Whoever, in committing, or in attempting to commit, any offense defined in subsections

U.S.C. § 2113(a)[2] and § 2. Since a conviction of bank robbery pursuant to § 2113(a) is deemed merged into a conviction of armed bank robbery pursuant to § 2113(d), we reverse and remand to the district court with directions to vacate the conviction pursuant to 18 U.S.C. § 2113(a) and the sentence thereon.[3]

The relevant facts can be stated briefly. On the morning of October 17, 1980, Jerome Evans, Hopeton Gooden, and two accomplices entered the Jerico Turnpike Branch of the Chemical Bank in Huntington, Long Island. All wore gloves and ski masks. Evans, brandishing a sawed-off shotgun, and Gooden, holding a 32 caliber revolver, held customers and tellers at bay while their accomplices vaulted the tellers' counter and collected approximately $48,000 in cash. All four left the bank together and drove to Gooden's house in Huntington where they divided the spoils of the robbery.

On March 3, 1981, the grand jury returned an indictment charging Evans in two counts with bank robbery (Count One) and armed bank robbery (Count Two) in violation, respectively, of 18 U.S.C. §§ 2113(a), 2113(d) and 2. After a one and one-half day trial, the jury returned a verdict convicting Evans on both counts of the indictment. Subsequently, Judge Bartels entered a judgment of conviction on both counts and sentenced Evans to a ten year term of imprisonment.

We believe that one may not be simultaneously convicted pursuant to both § 2113(a) and § 2113(d) on an identical set of facts. We stated in *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979), that a conviction of the lesser, included offense of unarmed bank robbery, § 2113(a), must be merged into a conviction of armed bank robbery, § 2113(d), when both convictions arise from a single criminal act, as they do here. *See also United States v. Smith*, 621 F.2d 483, 489 (2d Cir. 1980), *cert. denied*, 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981); *United States v. Garris*, 616 F.2d 626, 633–34 (2d Cir.), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980). Indeed, the phrasing of § 2113(d) indicates that it prohibits aggravated forms of offenses already defined in subsection (a):

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section,

(a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

2. 18 U.S.C. § 2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

3. Jerome Evans was represented by counsel for purposes of this appeal. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1966), in which he stated the only possible issue on appeal was whether Evans had been denied effective assistance of counsel at trial. After a brief analysis, he dismissed this issue as frivolous. As our holding today demonstrates, we do not agree with counsel that there are no non-frivolous issues. We believe Evans has a legitimate claim to pursue on appeal in accordance with the holding in *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979). Accordingly, we deny Evans's counsel's motion for permission to be relieved.

Based upon the conclusions Evans's counsel reached in his *Anders* brief, the Government filed a motion to dismiss Evans's appeal. Since counsel's analysis of Evans's possible claims was incorrect, and Evans does present a cognizable legal issue to be raised on appeal, we deny the Government's motion.

assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

In short, to violate § 2113(d), *a fortiori*, an individual commits an offense under either subsection (a) or (b). Accordingly, as we reasoned in *Grimes*, only one conviction may stand when a defendant is found guilty of violating both § 2113(d) and either § 2113(a) or (b). *Grimes v. United States, supra*, 607 F.2d at 13.

In light of the mandate of *Grimes*, we reverse and remand to the district court with directions to vacate the conviction of unarmed bank robbery pursuant to 18 U.S.C. § 2113(a) and the sentence imposed thereon. Evans's conviction pursuant to § 2113(d) and the sentence thereon stand.