**UNITED STATES of America,
Appellee,**

v.

**Calvin STROMAN, Defendant-Appellant.**

**No. 427, Docket No. 81–1302.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1981.

Decided Dec. 18, 1981.

David Seth Michaels, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant-appellant Stroman.

Marion J. Bachrach, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Edward R. Korman, U. S. Atty., John Latella, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for the U. S.

Before MESKILL and KEARSE, Circuit Judges, and METZNER,* District Judge.

PER CURIAM:

This appeal challenges a judgment entered after a jury trial by the United States District Court for the Eastern District of New York, Nickerson, *Judge*, convicting appellant Calvin Stroman of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (1976).[1]

The relevant facts can be briefly stated. On November 7, 1980, three men entered a branch of Citibank in Rochedale Village, Queens. While one of the men stood guard at the door, the others, who wore hooded sweatshirts and sneakers, vaulted the tellers' counter brandishing guns. The men stole $2,833.00 from the tellers' drawers and fled.

Several of the tellers identified Stroman as one of the robbers at the trial. The government presented bank surveillance photographs taken during the robbery, and the grey-hooded sweatsuit and shoes worn

---

* Honorable Charles M. Metzner, United States District Judge of the Southern District of New York, sitting by designation.

1. 18 U.S.C. § 2113(a) provides:

    Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

    Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

    Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(d) provides:

    Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

by Stroman during the robbery. Stroman did not testify, nor did he present any witnesses on his behalf.

Following the filing of this appeal, Stroman was informed by court-appointed counsel that his appeal was frivolous and would most likely be dismissed. Counsel further informed Stroman that he had filed a motion and brief in this Court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), seeking to be relieved as his attorney. Accordingly, Stroman informed this Court on October 16, 1981 that he would neither seek alternate counsel nor file pro se papers. The government has since moved to dismiss his appeal.

While we find no error in the conduct of Stroman's trial, we observe an error in his conviction and sentence and therefore reverse in part.[2] Stroman was charged with violating subsections (a) and (d) of 18 U.S.C. § 2113. Subsection (a), bank robbery, is a lesser included offense of armed bank robbery, subsection (d). Therefore, a conviction under subsection (a) "must be merged into a conviction of armed bank robbery, § 2113(d), when both convictions arise from a single criminal act, as they do here." *United States v. Evans*, 665 F.2d 54, at 55 (2d Cir. 1981); *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979). Nevertheless, the court sentenced Stroman to "twelve (12) years *concurrent* on each of counts one and two." (emphasis added) Because the conviction under subsection (a) merged into that for subsection (d), the court erred in sentencing Stroman to concurrent terms.

Accordingly, we reverse and remand to the district court with instructions to vacate Stroman's conviction for unarmed bank robbery, 18 U.S.C. § 2113(a), and the sentence imposed thereon. Stroman's conviction

pursuant to § 2113(d) and the sentence thereon stand.

---

**2.** In light of our holding that Stroman has a legitimate claim to pursue this appeal under *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979), we deny his counsel's motion for permission to be relieved. In light of our holding, the government's motion to dismiss Stroman's appeal is denied as well.

Shortly before oral argument, Stroman's counsel recognized the sentencing error and requested its correction by motion. We have denied the motion in light of our holding in this opinion.