MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This is an appeal from a jury conviction entered in the District Court of the Ninth Judicial District, in and for Glacier County. Defendant was tried and convicted of narcotics-related offenses and now appeals. We reverse and remand for new trial.
Although defendant raises five issues for our review, because of our holding it is necessary to address only three:
(1) Did the District Court err when it denied defendant’s motion to suppress?
(2) Did the District Court err when it admitted evidence of telephone calls allegedly occurring between defendant and his drug supplier?
(3) Did the District Court err when it denied defendant’s jury instruction of a lesser included offense?
On April 6, 1985, the police department in Cut Bank, Montana, received an anonymous tip from Crimestoppers that a large shipment of “pot” was due to arrive in Cut Bank later that day via the bus. The parcel was said to be arriving from Texas and was to be picked up by any of three men, one of whom was said to be the defendant.
The information from the tip was given to Officer Richard Wevley of the Cut Bank Police Department. Officer Wevley went to the bus depot where he learned that the bus was scheduled to arrive in one hour. He also learned that the defendant had phoned the bus depot the previous day to see if a package had arrived for him.
Officer Wevley then met with the county attorney to prepare an application for a search warrant to seize and search the parcel that was the subject of the anonymous tip from Crimestoppers. Officer Wevley appeared before Justice of the Peace William L. Burns and signed the application for search warrant under oath. Justice of the *505 Peace Burns issued a search warrant directing Officer Wevley to serve the warrant.
Officer Wevley returned to the bus depot as the defendant was signing a receipt for a parcel. Defendant took possession of the parcel and placed it in his truck parked outside the depot. At that point, Wevley approached the defendant and served the search warrant. Wevley and the defendant returned to the depot where Wevley opened the parcel and found a twenty-five pound, nine ounce bundle of marijuana. Wevley placed defendant under arrest and transported him to the police station.
At the station Wevley read defendant his Miranda rights and the asked him if he wished to make a statement. Defendant declined, stating that he could get shot in the back for making a statement. He did mention, however, that he had recently picked up another package similar to the one in question.
Defendant was charged with two felonies, possession of dangerous drugs and possession of dangerous drugs with intent to sell. He plead not guilty and stood trial in July 1985. He was convicted on each count and now appeals.

Issue 1

Did the District Court err when it denied defendant’s motion to suppress?
Defendant first challenges the validity of the search warrant pursuant to which Officer Wevley seized and searched the parcel of marijuana. Defendant filed a pretrial motion to suppress the seized marijuana on the grounds that the warrant was constitutionally defective. The District Court denied this motion. On appeal, defendant contends the District Court erred in denying his motion to suppress for two reasons — first, the warrant was unsupported by probable cause, and second, it failed to describe specifically what was to be seized.
Section 46-5-201, MCA, defines a search warrant:
“A ‘search warrant’ is an order:
“(1) in writing;
“(2) in the name of the state;
“(3) signed by a judge;
“(4) particularly describing the thing, place, or person to be searched and the instruments, articles, or things to be seized;
“(5) directed to a peace officer commanding him to search for personal property and bring it before the judge.”
*506 We have reviewed the application for the search warrant and hold that it established probable cause for issuing the warrant.
The warrant in this case does not describe with particularity the article to be seized. The warrant authorizes the seizure of a package or parcel and the “contraband above described,” but there is not an “above described” large shipment of dangerous drugs or “pot” described in the warrant as mentioned in the application.
Standing alone, the warrant would be invalid for its failure to describe with particularity the contraband to be seized. If the warrant had been directed to an officer other than the officer who had made and signed the application, it would be invalid. However, in this case, Officer Wevley not only signed the application, which adequately described the contraband as a package containing “pot,” but he was also the same officer who served the warrant and seized the package of pot mentioned in the application.
When the application for the search warrant and the search warrant are read together and when, as in this case, the application is signed by the officer named in the warrant as the officer directed to make service of the warrant and who did personally make such service, the documents in combination satisfy the requirement of particularly describing the thing to be seized.
Officer Wevley did not go forth on a fishing trip with the search warrant. He identified the particular thing to be searched for in his application as a package of pot. He used the warrant to search for that particular thing, and that is what he seized. The District Court did not err in denying defendant’s motion to suppress the evidence seized.

Issue 2

Did the District Court err when it admitted evidence of telephone calls allegedly occurring between defendant and his drug supplier?
The District Court admitted evidence of telephone calls from various phone numbers in Montana to Texas. The phone numbers in Montana were of defendant’s mother, defendant’s brother, a business and a ranch. The State asserted that defendant made the calls. The State also presented evidence of phone calls from Texas to Montana.
No evidence was presented to link defendant to any of the phone calls. The State contends an inference is proper that defendant had knowledge of the drug shipment as evidenced by the phone calls.
*507 Rule 402, M.R.Evid., states all relevant evidence is admissible. Rule 401, M.R.Evid., defines relevant evidence:
“Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence ...”
In State v. Smith (1983), 203 Mont. 346, 661 P.2d 463, 465, 40 St.Rep. 494, 496, we held that knowledge may be proven by “direct evidence or by evidence of acts, declarations, or conduct of the accused from which a jury may infer knowledge.”
Because we are reversing this case on other grounds, we need not reach this issue. However, we will note that a proper foundation must be developed before introduction of the telephone calls can be allowed.

Issue 3

Did the District Court err when it denied defendant’s jury instruction of a lesser included offense?
Defendant was charged with the offenses of possession of dangerous drugs (Count II) in violation of Section 45-9-102, MCA, and possession of dangerous drugs with intent to sell (Count I) in violation of Section 45-9-103, MCA. Both Count I and Count II were based on the same possession of contraband.
The jury found defendant guilty on both counts, and the court sentenced defendant on both counts.
The State may charge defendant with more than one offense when the same transaction may establish the commission of more than one offense, Section 46-11-502, MCA. However, a defendant may not be convicted of one offense if that offense is included in another. Section 46-11-502(1), MCA.
Section 46-ll-501(2)(a), MCA, provides:
“An offense is an ‘included offense’ when it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”
The offense of criminal possession of dangerous drugs with intent to sell, Section 45-9-103, MCA, requires that each relevant element of criminal possession of dangerous drugs, Section 45-9-102, MCA, be proven along with the additional element of “intent to sell.” We hold that Section 45-9-102, MCA, is an included offense of Section 45-9-103, MCA.
*508 Defendant’s proposed instruction Number 5 was refused by the District Court. It provided:
“If you are not satisfied beyond a reasonable doubt that the Defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.
“The offense of Possession with Intent to Sell, Count II with which the Defendant is charged, necessarily includes the lesser offense of Possession of Dangerous Drugs, Count I.
“You may find the Defendant guilty of either the offense stated in Count I or in Count II, but not in both, or not guilty of either offense.”
If the evidence is such, the District Court is required to give an instruction on the lesser included offense. State v. Young (Mont. 1983), [206 Mont. 19,] 669 P.2d 239, 242, 40 St.Rep. 1474, 1478; State v. Gopher (Mont. 1981), [_Mont. _,] 633 P.2d 1195, 1197, 38 St.Rep. 1521, 1524. “[Defendant] may only be convicted of the greatest included offense about which there is no reasonable doubt.” Section 46-16-602, MCA.
We hold the District Court committed reversible error when it denied defendant’s instruction of a lesser included offense.
Reversed and remanded for new trial.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY, GULBRANDSON and McDONOUGH concur.