STATE OF MONTANA, Plaintiff and Respondent, v.
BAILEY PETERSON, Defendant and Appellant.

No. 86-092.
Decided September 15, 1987.
744 P.2d 870.

Charles M. Joslyn, Choteau, for defendant and appellant.
Mike Greely, Atty. Gen., Joe Roberts, Asst. Atty. Gen., Helena,

512

James C. Nelson, Glacier Co. Atty., Cut Bank, for plaintiff and respondent.

ORDER MODIFYING
OPINION ON
REHEARING

The State has petitioned for a rehearing in this case upon the limited issue of whether we have ordered an appropriate remedy for the improper multiple convictions of the defendant Bailey Peterson.

In its petition, the State points out that the offense of possession of dangerous drugs is a lesser-included offense of the possession of dangerous drugs with intent to sell, citing *State v. Mitchell* (Mont. 1981), [____ Mont. ____,] 625 P.2d 1155, 1159, a case that involved the conviction of the defendant both upon an offense and a lesser-included offense. We held:

". . . as previously stated, the trial court erred in entering judgment and conviction on both counts, not in submitting those charges to the jury. Consequently, if any prejudice to the defendant resulting from the district court's error, it arose solely in the sentencing process which was conducted on the basis of an improper conviction of both solicitation and criminal mischief. Prejudice to the defendant in this regard can be cured by remanding the cause for resentencing."

█ It appears that the general rule is that if a defendant is convicted of two crimes, one of which is a lesser-included offense of the other, the proper remedy is to remand the case to the trial court with instructions to vacate the conviction of the lesser charge where the sentence for the lesser-included offense does not exceed that for the main offense. *U.S. v. Stromen* (2d Cir. 1981), 667 F.2d 416, 417; *U.S. v. Evans* (2d Cir. 1981), 665 F.2d 54, 56; *Tuckfield v. State* (Alaska 1981), 621 P.2d 1315; *People v. Brown* (1974), 185 Colo. 272, 523 P.2d 986.

█ The defendant answers the petition, contending that he will be subject to double jeopardy if a new trial is had as ordered by the court, and that his conviction should be reversed and the case dismissed.

We conclude, however, that the better course is to reverse the con-

viction for the lesser-included offense only, and to remand for resentencing.

Therefore, following the path established by this Court in *State v. Mitchell,* supra, we modify our opinion decided July 28, 1987 as to the mandate for reversal and new trial. As modified, we order that this cause be remanded to the District Court. The conviction of the defendant for the offense of possession of dangerous drugs with intent to sell is by this Court affirmed. The conviction of the defendant for the offense of possession of dangerous drugs is by this Court vacated and set aside. The sentence heretofore imposed by the District Court is also vacated, and the District Court is ordered to resentence the defendant solely on the conviction here affirmed, after notice and hearing with respect to the resentencing.

DATED this 15th day of September, 1987.

s/J.A. Turnage, Chief Justice
s/John C. Sheehy, Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/L.C. Gulbrandson, Justice
s/R.C. McDonough, Justice

MR. JUSTICE HUNT, dissenting:

After reconsidering this case, I believe this case should have been dismissed on the grounds that the arresting officer had no judicial authority to undertake a search and seizure. As explained in my dissent, *State v. Peterson* (Mont. 1987), [225 Mont. 503,] 741 P.2d 392, 44 St.Rep. 1268, the search warrant involved did not set forth with particularity the items to be seized. It was facially defective and therefore, constitutionally invalid. The majority in their opinion, treats this defect as a mere technicality that is cured when the warrant applicant will be the same officer who executes the warrant. They cite no authority for this position and do not explain how it overrides the express constitutional mandate of warrant particularity. See *Lo-Ji Sales, Inc. v. New York* (1979), 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920.

The Fourth Amendment is designed to protect individuals from the potential over-zealousness of governmental agencies. But the majority in *Peterson* has eroded this protection into non-existence by undermining the integrity of the entire warrant process.