JUSTICE NELSON
delivered the Opinion of the Court.
¶ 1 Justin Dale Becker appeals his conviction in the District Court for the Eighth Judicial District, Cascade County, of criminal possession of dangerous drugs, accountability for the criminal production or manufacture of dangerous drugs, and criminal possession of precursors to dangerous drugs. We affirm in part, reverse in part and remand for further proceedings consistent with this Opinion.
¶2 We restate Becker’s issues on appeal as follows:
¶3 1. Whether Becker’s convictions for criminal possession of dangerous drugs and criminal possession of precursors to dangerous drugs in addition to criminal production or manufacture of dangerous drugs by accountability violated his double jeopardy protections under the United States and Montana Constitutions and under § 46-11-410, MCA.
¶4 2. Whether Becker’s sentence for criminal possession of dangerous drugs is twice the statutory maximum.
¶5 3. Whether Becker’s sentence for criminal production or manufacture of dangerous drugs by accountability is illegal.
Factual and Procedural Background
¶6 On the morning of March 16,2001, Mike Smith went to the home of his estranged wife, Nora. Upon entering the garage, Mike discovered what he suspected was a methamphetamine lab which he immediately reported to the Great Falls Police Department. Thereafter, several law enforcement officers set up surveillance of the home and garage. The officers observed Becker and Huston Curran moving items from the house into the garage and then loading items into the trunk of a white Ford Taurus owned by Sharon Olson. After loading the car, Becker, Curran and Olson got into the car and drove away. The officers stopped the car a short distance from the house. Becker was found to be carrying several pairs of rubber gloves, several pairs of athletic *367 gloves, and a glass pipe with a rubber tube used for smoking methamphetamine. In addition, Becker’s clothing was wet and emitted a chemical odor. One of the officers who touched Becker had a physical reaction and was required to undergo decontamination.
¶7 After obtaining a search warrant for Smith’s home and garage and Olson’s car, officers found items they believed to be consistent with the production of methamphetamine and a mason jar with a solvent at the top that contained methamphetamine. Based on these findings, the State charged Becker with criminal production or manufacture of dangerous drugs by accountability in violation of §§ 45-2-302(3) and 45-9-110, MCA (1999), and felony criminal possession of dangerous drugs in violation of § 45-9-102, MCA (1999). The State also charged Smith, Olson and Curran with numerous drug offenses.
¶8 On June 22, 2001, Becker filed a motion to suppress all of the evidence obtained by the officers on the grounds that the search warrant application did not adequately establish the reliability and credibility of the informant; the search warrant application was legally invalid because it contained inaccurate and misleading information; the search warrant application lacked probable cause; the officers lacked particularized suspicion to stop Olson’s car; and the statements made by Olson at the time of the traffic stop were taken in violation of her right to remain silent. The District Court denied Becker’s motion to suppress after conducting a hearing on the matters raised in the motion.
¶9 The District Court had set Becker’s trial to begin on November 19, 2001, however, six days prior to that date, the State filed an Amended Information adding the charge of criminal possession of precursors to dangerous drugs in violation of § 45-9-107(1)(n), MCA (1999). Defense counsel subsequently filed a motion to dismiss this charge as a violation of the prohibition against double jeopardy claiming that the course of conduct supporting this charge and the charge of criminal production or manufacture of dangerous drugs was the same. Defense counsel relied on Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, for this argument. However, defense counsel made no argument regarding the specific protections against double jeopardy provided by the Montana Constitution or § 46-11-410, MCA. The District Court denied Becker’s motion and the case proceeded to trial. The jury convicted Becker on all three charges.
¶10 Prior to his sentencing hearing, Becker filed a Sentencing Memorandum in which he argued that the maximum sentence he could receive for the charge of criminal production or manufacture of *368 dangerous drugs by accountability was six months incarceration in the county jail. Becker contended that there was no penalty in the statutes for a first-time offense of manufacturing methamphetamine. Thus, he argued that § 46-18-212, MCA, a sentencing default statute, applied. Becker also filed an objection to the State seeking to sentence him as a persistent felony offender.
¶11 At sentencing, the District Court rejected Becker’s sentencing argument and determined that pursuant to § 45-9-110(4), MCA, it could, and did, sentence Becker to ten years in prison for the charge of criminal production or manufacture of dangerous drugs by accountability. The court also sentenced Becker to ten years in prison for the charge of criminal possession of dangerous drugs and five years in prison for the charge of criminal possession of precursors to dangerous drugs. The court ordered that all of the sentences were to run consecutively. In addition, the court declared Becker to be a persistent felony offender, but chose not to sentence him as such. Becker appeals his conviction and sentence.
Issue 1.
¶12 Whether Becker’s convictions for criminal possession of dangerous drugs and criminal possession of precursors to dangerous drugs in addition to criminal production or manufacture of dangerous drugs by accountability violated his double jeopardy protections under the United States and Montana Constitutions and under § 46-11-410, MCA.
¶13 Becker argues on appeal that he should only have been convicted of the charge of criminal production or manufacture of dangerous drugs by accountability because the other two charges were part of the process of manufacturing methamphetamine and were included within the manufacturing charge. He claims that his convictions for possession of precursors and possession of methamphetamine in addition to his conviction for production or manufacture of methamphetamine violated his federal and state constitutional protections and his state statutory protection against double jeopardy. ¶14 A district court’s decision to deny a defendant’s motion to dismiss on the basis of double jeopardy presents a question of law that this Court reviews on appeal to determine whether the district court’s interpretation of the law is correct. State v. Beavers, 1999 MT 260, ¶ 21, 296 Mont. 340, ¶ 21, 987 P.2d 371, ¶ 21 (citing State v. Barker (1993), 260 Mont. 85, 88, 858 P.2d 360, 362; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).
*369 ¶15 Becker concedes on appeal that his motion to dismiss in the District Court dealt exclusively with his federal constitutional rights and that he did not address the double jeopardy protections provided by the Montana Constitution or Montana’s statutory protection against double jeopardy found at § 46-11-410, MCA, which provides:
Multiple charges. (1) When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense.
(2) A defendant may not, however, be convicted of more than one offense if:

(a) one offense is included in the other;

(b) one offense consists only of a conspiracy or other form of preparation to commit the other;
(c) inconsistent findings of fact are required to establish the commission of the offenses;
(d) the offenses differ only in that one is defined to prohibit a specific instance of the conduct; or
(e) the offense is defined to prohibit a continuing course of conduct and the defendant’s course of conduct was interrupted, unless the law provides that the specific periods of the conduct constitute separate offenses. [Emphasis added.]
¶16 Additionally, Becker concedes that he did not object on double jeopardy grounds in the lower court that the offense of possession of methamphetamine was included within the offense of production or manufacture of methamphetamine. Instead, his double jeopardy argument was based on the claim that the offense of possession of precursors was included within the offense of production or manufacture of methamphetamine.
¶17 The State argues that because Becker raised a statute-based double jeopardy theory for the first time on appeal, this Court should decline to address the new theory under the Court’s discretionary power of plain error review or through Becker’s claims of ineffective assistance of counsel. We agree with the State that plain error review is inappropriate in this case, however, we conclude that it is appropriate to analyze this case under Becker’s ineffective assistance of counsel claim.
¶18 A criminal defendant is denied effective assistance of counsel if his counsel’s conduct falls short of the range reasonably demanded in light of the Sixth Amendment to the United States Constitution and counsel’s failure is prejudicial. State v. Rose, 1998 MT 342, ¶ 12, 292 Mont. 350, ¶ 12, 972 P.2d 321, ¶ 12 (citing State v. Chastain (1997), *370 285 Mont. 61, 63, 947 P.2d 57, 58, overruled on other grounds by State v. Herrman, 2003 MT 149, 316 Mont. 198, 70 P.3d 738; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674). Because claims of ineffective assistance of counsel are mixed questions of law and fact, this Court uses dé novo review. State v. Turner, 2000 MT 270, ¶ 47, 302 Mont. 69, ¶ 47, 12 P.3d 934, ¶ 47 (citations omitted).
¶19 As Becker points out in his brief on appeal, the standard of care reasonably demanded of trial counsel required counsel to evaluate the statute under which his client was charged and advise Becker accordingly. Kennedy v Maggio (5th Cir. 1984), 725 F.2d 269, 270-72. “ ‘[Although counsel need not be a fortune teller, he must be a reasonably competent legal historian. Though he need not see into the future, he must reasonably recall (or at least research) the past.../ ” Kennedy, 725 F.2d at 272 (quoting Cooks v. United States (5th Cir. 1972), 461 F.2d 530, 532). See also United States v. Streater (D.C. Cir. 1995), 70 F.3d 1314, 1321 (counsel’s erroneous advice on a critical point “cannot be excused as a strategic or tactical judgment, but could have sprung only from a misunderstanding of the law.”); Hill v. Lockhart (8th Cir. 1989), 877 F.2d 698, 703, affirmed after rehearing at 894 F.2d 1009 (8th Cir. 1990), cert, denied, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990) (counsel failed “to ascertain, through minimal research,” the applicable statute in issue and to advise the client accordingly); Howard v. State (Ark. 1990), 783 S.W.2d 61, 62 (counsel rendered ineffective assistance when he advised his client based on a review of outdated statutes, and was unaware of the current statutes).
¶20 In the present case, Becker’s trial counsel filed a motion to dismiss the precursor charge, but failed to include in the motion the charge of possession of dangerous drugs. Further, trial counsel relied only upon the Blockburger test and failed to recognize the protections provided by the Montana Constitution and particularly by § 46-11-410, MCA. Hence, we conclude that counsel’s failure to include all of the relevant charges in his motion to dismiss and, in particular, to rely on the proper statutory grounds for dismissal, constitutes deficient performance under the first prong of Strickland.
¶21 As to the second prong, we conclude that Becker was indeed prejudiced by counsel’s deficient performance. A criminal defendant must “establish only that there is a reasonable probability that but for counsel’s unprofessional errors the result of the proceeding would have been different.” Rose, ¶ 19 (citingStrickland, 466 U.S. at 694, 104 S.Ct. at 2068). Here, Becker would have been sentenced to a lesser term had *371 counsel made the appropriate argument regarding the lesser-included offense under § 46-11-410, MCA, rather than under the Blockburger test.
¶22 Previously, when considering whether an offense is included in another offense, this Court turned to the Blockburger test:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. However, this Court determined in State v. Beavers, 1999 MT 260, ¶ 27, 296 Mont. 340, ¶ 27, 987 P.2d 371, ¶ 27, that the use of the Blockburger test is inappropriate in an included-offense analysis because Montana has statutorily defined what constitutes an included offense and Blockburger may unnecessarily confuse the issue. In Montana, an “included offense” means an offense that:
(a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
(b) consists of an attempt to commit the offense charged or to commit an offense otherwise included in the offense charged; or
(c) differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.
Section 46-1-202(9), MCA.
¶23 Because the production or manufacture of a dangerous drug cannot be a criminal act in and of itself until the drug is created, the State had to first prove that Becker or one of his codefendants possessed methamphetamine in order to convict Becker on the charge of producing or manufacturing that same methamphetamine. This Court considered a similar situation in State v. Peterson (1987), 227 Mont. 503, 741 P.2d 392. In that case, the defendant was convicted of possession of dangerous drugs and possession of dangerous drugs with intent to sell. Relying on § 46-11-502, MCA (renumbered as § 46-11-410, MCA, in 1991), we held that a defendant may not be convicted of both offenses if one offense is included within the other. Peterson, 227 Mont. at 507, 741 P.2d at 395. We explained in Peterson that the offense of criminal possession of dangerous drugs with intent to sell requires proof of each relevant element of criminal possession along with the additional element of intent to sell. Peterson, 227 Mont. at *372 507, 741 P.2d at 395. In like manner, in the case subjudice, the offense of criminal production or manufacture of dangerous drugs requires proof of each relevant element of criminal possession along with the additional element of production or manufacture of the dangerous drug.
¶24 Therefore, we hold that, §§ 46-1-202(9)(a) and 46-11-410(2)(a), MCA, read together, bar Becker’s conviction for both criminal possession of dangerous drugs and criminal production or manufacture of dangerous drugs by accountability since the former is a lesser-included offense of the latter. The same cannot be said, however, for Becker’s conviction for possession of precursors to dangerous drugs because a defendant who processes methamphetamine by cutting or diluting it with some inert ingredient commits the offense of criminal production or manufacture of dangerous drugs without necessarily possessing any of the chemical precursors listed in § 45-9-107, MCA.
¶25 When a criminal defendant is improperly convicted of two offenses arising out of the same transaction, the remedy for the ensuing violation of double jeopardy is to reverse the conviction for the lesser-included offense only and to remand for re-sentencing. State v. Peterson (1987), 227 Mont. 511, 512-13, 744 P.2d 870, 870-71 (modifying earlier Peterson decision as to remand for new trial). Accordingly, we affirm Becker’s convictions for criminal production or manufacture of dangerous drugs by accountability and criminal possession of precursors, and we reverse Becker’s conviction for criminal possession of dangerous drugs. The sentence heretofore imposed by the District Court is vacated and the District Court is ordered to resentence the defendant solely on the convictions here affirmed, after notice and hearing with respect to the resentencing.
Issue 2.
¶26 Whether Becker’s sentence for criminal possession of dangerous drugs is twice the statutory maximum.
¶27 Because we determined in the previous issue that the charge of criminal possession of dangerous drugs is a lesser-included offense of the charge of criminal production or manufacture of dangerous drugs, we reversed Becker’s conviction for criminal possession of dangerous drugs. Consequently, the issue of whether Becker was correctly sentenced for that charge is moot.
Issue 3.
¶28 Whether Becker’s sentence for criminal production or manufacture *373 of dangerous drugs by accountability is illegal.
¶29 Becker argues that his ten-year sentence for criminal production or manufacture of dangerous drugs is illegal because § 45-9-110, MCA, the statute governing this offense, does not set forth a punishment for a first-time offense of production or manufacture of methamphetamine. Becker therefore maintains that no statutory authority existed for the ten-year sentence and the maximum sentence he could receive was six months incarceration in the county jail.
¶30 This Court reviews criminal sentences only for legality-i.e., to determine whether the sentence is within the parameters provided by statute. State v. Montoya, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.
¶31 The punishment for the offense of criminal production or manufacture of dangerous drugs is set forth in § 45-9-110, MCA. Subsection (2) of that statute provides for the punishment of persons convicted of producing or manufacturing certain narcotic drugs or opiates. Subsection (3) of that statute provides the punishment for persons convicted of producing or manufacturing dangerous drugs included in Schedule I of § 50-32-222, MCA, or Schedule II of § 50-32-224, MCA, who have prior convictions for producing or manufacturing Schedule I or Schedule II drugs. Methamphetamine is listed as a stimulant under Schedule II in § 50-32-224(3)(c), MCA. In the present case, the parties agreed that neither subsection (2) nor subsection (3) applied to Becker. The District Court determined that subsection (4) applied instead. That subsection provides in pertinent part as follows:
A person convicted of criminal production or manufacture of marijuana, tetrahydrocannabinol, or a dangerous drug not referred to in subsections (2) and (3) shall be imprisoned in the state prison for a term not to exceed 10 years and may be fined not more than $50,000 .... A person convicted under this subsection who has a prior conviction that has become final for criminal production or manufacture of a drug under this subsection shall be imprisoned in the state prison for a term not to exceed twice that authorized for a first offense under this subsection and may be fined not more than $100,000.
Section 45-9-110(4), MCA. Becker argues that since the dangerous drugs included in Schedule II (which include methamphetamine) are referred to in subsection (3), under the plain language of the statute, subsection (4) cannot apply to him. Becker therefore maintains that since the penalty for the offense of criminal production or manufacture of methamphetamine is not specified in § 45-9-110, MCA, the *374 provisions of § 46-18-212, MCA, apply. Section 46-18-212, MCA, provides that the court “in imposing sentence upon an offender convicted of an offense for which no penalty is otherwise provided or if the offense is designated a misdemeanor and no penalty is otherwise provided,” may sentence the offender to a term of no more than six months in the county jail.
¶32 In its response to Becker’s Sentencing Memorandum, the State argued that the phrase “not referred to in subsections (2) and (3)” in § 45-9-110(4), MCA, related back to the word “person” and not to the term “dangerous drug.” Since Becker was not a person referred to in subsections (2) and (3), inasmuch as he was not convicted of producing a narcotic and did not have any prior convictions under the statute, the penalty for his conviction would be that provided in subsection (4). Similarly, the District Court interpreted subsection (4) as a catch-all provision that specifies the penalty for those persons convicted under the statute whose penalty is not otherwise provided in subsections (2) and (3).
¶33 While § 45-9-110, MCA, is not a model of clarity, we agree with the District Court and with the State that § 45-9-110(4), MCA, applies in this case. As the State argues on appeal, any other interpretation would lead to an absurd result because a first-time offender would be subject to only six months in jail while a second-time offender would be subject to a term of not less than twenty years nor more than life imprisonment.
¶34 Nevertheless, even if Becker were correct that the penalty for producing methamphetamine is not specified in § 45-9-110(4), MCA, the default penalty statute would be § 46-18-213, MCA, not § 46-18-212, MCA, as Becker contends. A violation of § 46-9-110, MCA, carries penalties in excess of one year in prison and must therefore be considered a felony. Section 46-18-213, MCA, provides for a term often years in the state prison with respect to offenses designated as a felony where no penalty is otherwise provided.
¶35 Accordingly, we hold that the District Court did not err in sentencing Becker to ten years in Montana State Prison for his conviction of accountability for criminal production or manufacture of dangerous drugs.
¶36 That said, the dissent has raised several contentions that deserve a response. First, the dissent faults the Majority’s Opinion for reviewing the merits of this case on direct appeal by way of Becker’s ineffective assistance of counsel claim rather than through postconviction relief. We agree with the dissent that, in most cases, *375 when the record does not fully explain why counsel took a particular course of action, the matter is best-suited for postconviction relief because it may involve trial strategy or a tactical decision. However, we conclude that in the case before us on appeal, no trial strategy or tactical decision can excuse an error this fundamental.
¶37 In State v. Jefferson, 2003 MT 90, 315 Mont. 146, 69 P.3d 641, defendant entered a not guilty plea to the charge of attempted deliberate homicide at his arraignment. Defendant subsequently entered into a plea agreement wherein he agreed to plead guilty to one count of felony assault and the State agreed to amend the Information to drop the charge of attempted deliberate homicide. Defendant later withdrew his guilty plea on the felony assault charge and proceeded to trial on the charge of attempted deliberate homicide. Jefferson, ¶¶ 10-14. However, at trial, defense counsel admitted in both his opening statement and in his closing argument that defendant was guilty of felony assault. Jefferson, ¶¶ 45-46.
¶38 We determined in Jefferson that counsel’s remarks had the effect of entering a plea for defendant without his consent. Jefferson, ¶ 50. Hence, we held that because there was no plausible justification for counsel’s conduct under the circumstances, counsel’s admission could not be considered a trial strategy or tactical decision, and the issue was appropriate for review on direct appeal. Jefferson, ¶ 50.
¶39 Similarly, in the instant case, there is no trial tactic or strategy that would permit defense counsel to allow his client to be charged and convicted of more crimes than are proper. Furthermore, if prosecutors in Montana are charging defendants with both criminal production or manufacture of dangerous drugs and criminal possession of those same dangerous drugs, then we need to address that issue and make sure the practice is stopped.
¶40 Second, the dissent points out that defense counsel did raise a statute-based double jeopardy argument in the trial court when he cited to State v. Tadewaldt (1996), 277 Mont. 261, 922 P.2d 463, and State v. Wells (1983), 202 Mont. 337, 658 P.2d 381, in his brief in support of his motion to dismiss for violation of the prohibition against double jeopardy. The dissent then assumes that since defense counsel cited to these two cases, counsel must have been aware of the statutory provisions which govern the charging of offenses and that because counsel’s reasons for not making an argument based upon § 46-11-410, MCA, are not spelled out in the record, the matter may not be reviewed on direct appeal.
¶41 On the contrary, defense counsel incorrectly cited Tadewaldt for *376 the proposition that “[t]he double jeopardy clause of the State of Montana provides greater protection than the U.S. constitution.” What this Court actually said in Tadewaldt was that “§ 46-11-504(1), MCA, affords criminal defendants greater protection from double jeopardy than is provided under Blockburger...” Tadewaldt, 277 Mont, at 268, 922 P.2d at 467. In a similar fashion, defense counsel did not rely on Wells for its analysis of § 46-11-502, MCA (later renumbered as § 46-11-410, MCA, the statute we relied on in this case regarding prohibiting multiple charges for lesser-included offenses). Because counsel completely missed that argument, it is not appropriate to assume, as the dissent does, that counsel was aware of the statutory provisions which govern the charging of offenses.
¶42 Third, the dissent points to this Court’s discussion in State v. White, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20, wherein we stated that “[o]nly when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.” However, this Court also stated in White that
[generally an alleged faitee to object to the introduction of evidence, or to object to the testimony of a witness, or object to prosecutorial misconduct at trial has been deemed record-based, and therefore appropriate for direct appeal.
White, ¶ 15. As we noted in our Opinion, defense counsel failed to object on double jeopardy grounds in the lower court that the offense of possession of methamphetamine was included within the offense of production or manufacture of methamphetamine. Instead, his double jeopardy argument was based on the claim that the offense of possession of precursors was included within the offense of production or manufacture of methamphetamine. Counsel’s failure to object on the proper grounds is a matter of record as it is shown in his brief in support of his motion to dismiss.
¶43 Furthermore, whether counsel intentionally allowed Becker to be charged with both offenses or inadvertently allowed it, counsel’s actions so clearly fell below the reasonable range of professional conduct required that there is no possible justification for them and neither an explanation in the record for counsel’s actions nor a postconviction hearing to determine counsel’s reasons for his actions is necessary. See Jefferson, ¶¶ 49-50.
¶44 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.
JUSTICES WARNER, COTTER and LEAPHART concur.