JUSTICE McKINNON,
dissenting.
¶31 I would reverse on Issue Two and hold that the record establishes Llamas was denied the effective assistance of counsel when counsel waived an evidentiary hearing, thus foreclosing any opportunity for the court to make findings on factors two (reasons for the delay) and four (prejudice resulting from the delay). I would remand for an evidentiary *60 hearing with new counsel on this single issue. If Llamas is successful in demonstrating a denial of her right to speedy trial, then her conviction must be vacated. If she is unsuccessful on remand, then her judgment and sentence remains as ordered. I would not address the merits of the speedy trial motion, as we do here in Issue One, because to do so in the absence of any evidentiary findings as to Ariegwe factors two and four is futile.
¶32 We stated in Ariegwe that the court “must, of necessity, enter findings of fact and conclusions of law with respect to each of the four factors and how the four factors were balanced against each other. Without these findings of fact and conclusions of law, appellate review of the court’s final disposition of the claim is, as a practical matter, impossible, and we will be forced to remand the case to the trial court in such situations.” Ariegwe, ¶ 117 (emphasis in original). “A court presented with a speedy trial motion must first make factual findings and then determine whether the factual circumstances amount to a speedy trial violation.” Ariegwe, ¶ 119. Here, the District Court found in favor of Llamas regarding factor one, length of delay, because Llamas was incarcerated for 175 days beyond the 200-day speedy trial threshold. The District Court also found that Llamas had timely asserted her right to a speedy trial. Thus, factor three, Llamas’ response to the delay, was decided in her favor. These factors, however, are particularly susceptible to resolution by review of the pleadings, motions, and case register. It may not be necessary to have evidence presented to determine the presence or absence of particular and relevant factual circumstances in resolving the length of delay and whether a defendant has asserted his or her right to a speedy trial.
¶33 However, with respect to factor two, reasons for the delay, the District Court found that multiple withdrawals by defense counsel contributed to the delay. The District Court recalled that at one hearing held on such a motion, Llamas “expressed concern about a possible continuance, but she confirmed that communications between her and [defense counsel] were totally broken down and that she was aware this necessitated a continuance.” Llamas is alleged to have been suffering from untreated and deteriorating mental illnesses: bipolar disorder, post-traumatic stress disorder, and anxiety, which worsened during her pretrial incarceration. An evidentiary hearing would have allowed for examination of the reasons for the breakdown of communications with counsel and the necessity for appointment of new counsel and consequent continuance. These considerations potentially would have been relevant to the assignment of and weight to be attributed to the delay. The substitution of counsel happened on more *61 than one occasion, with similar reasons proffered, and was charged against the Defendant by the District Court.
¶34 In addressing factor four, prejudice to the defendant, the District Court stated:
As noted above, the parties stipulated to submission of the motion to dismiss on the briefs, the attached documents, and the entire record. The Defendant attached documents to her reply brief, but such documents shed no light on her claim of undue disruption in her life or aggravated anxiety. The Defendant did not offer witness testimony or affidavits to corroborate her argument regarding alleged unreasonable disruption and stress.
As a result, the District Court attributed “little weight in the speedy trial analysis” to Llamas’ “bald assertion” of prolonged disruption to her life and aggravated anxiety. With respect to impairment of her defense, the District Court observed that the Defendant “presented no evidence to show ... potential loss of evidence [or witnesses] resulting from the delay.”
¶35 No single factor under Ariegwe is controlling or predominates over another. Ariegwe, ¶¶ 104-05. However, here, Llamas prevailed on at least two of the four factors. The remaining factors, reasons for the delay and prejudice to Llamas, were distinctly factually driven, particularly given the circumstances here, and thus necessitated a hearing. Waiver of an evidentiary hearing on a speedy trial motion, which Ariegwe instructs must be resolved upon findings of fact, was deficient conduct under Strickland. The record establishes that defense counsel erroneously represented that a hearing was not “necessary.” There was no plausible justification for relinquishing two of the four Ariegwe factors by failing to present supportive evidence; and there was no plausible tactical advantage for failing to establish an evidentiary foundation for factors two and four or to create a record on appeal. I would find, based on this record and the requirements of Ariegwe, that defense counsel’s conduct in waiving an evidentiary hearing was deficient.
¶36 Llamas has also met the second prong of Strickland requiring that she demonstrate prejudice. Llamas must establish “only that there is a reasonable probability that but for counsel’s unprofessional errors the result of the proceeding would have been different.” State v. Becker, 2005 MT 75, ¶ 21, 326 Mont. 364, 110 P.3d 1. Here, the District Court concluded that the record was insufficient for it to factually determine whether Llamas was prejudiced by her pretrial incarceration. Llamas therefore lost the opportunity of having her speedy trial motion resolved in accordance with Ariegwe’s requirements that findings of *62 fact be made by the trial court. She asks now only for the opportunity to present evidence of undue prejudice to establish her speedy trial claim.
¶3 7 I would remand for an evidentiary hearing on Llamas’ speedy trial motion, a hearing she was entitled to have in the first instance. I would not take the circuitous route, as the Court has, of sending the issue for a collateral determination to assess the reasons for counsel’s waiver of an evidentiary hearing. Whatever reason defense counsel might offer for waiving a hearing would not justify relinquishment of Llamas’ speedy trial motion—one counsel deemed important enough to preserve when Llamas pleaded guilty. Our own precedent makes it clear that a speedy trial motion is factually driven and requires findings of fact on each factor. The detention of a defendant allegedly suffering from an untreated serious mental health illness with a demonstrated inability to communicate with counsel, in particular, compels that an evidentiary hearingbe conducted. The District Court’s own statements that it could not find in Llamas’ favor on at least one of the factors establishes that Llamas was prejudiced by the waiver. Significantly, the record is not silent as to counsel’s conduct; it is only silent as to the reasons for the delay and the prejudice to Llamas. This distinction is lost by the Court. There is no explanation needed here from counsel regarding the decision to waive a hearing. The decision to waive was deficient and ineffective representation of Llamas’ interest in prevailing on her speedy trial motion—which she lost. What is needed here is evidence garnered through a hearing, allowing for the assessment of all the speedy trial factors. I would not prolong these proceedings any longer as there is no plausible justification for waiver of an evidentiary hearing under these circumstances.
¶38 To the extent the Court concludes otherwise, I dissent.