FILED

02/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0511

DA 21-0511

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 32

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRADLEY ALAN STOKES,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DC-20-32
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Austin Knudsen, Montana Attorney General, Daniel M. Guzynski, Mardell Ployhar, Assistant Attorneys General, Helena, Montana

Submitted on Briefs:  October 4, 2023

Decided:  February 20, 2024

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Bradley Alan Stokes appeals his convictions in the Fourteenth Judicial District Court, Musselshell County on both burglary and assault with a weapon. The State concedes that Stokes cannot be convicted of both charges because the assault with a weapon charge was the predicate offense for the burglary conviction. Although Stokes's trial counsel did not object to Stokes's convictions on both charges, the State acknowledges that plain error review is appropriate under the facts of this case. On appeal, the parties dispute which of Stokes's convictions should be vacated and whether the matter should be remanded for resentencing on whichever conviction remains. The State argues that the burglary conviction should be vacated and the matter should be remanded to the District Court for resentencing on the assault with a weapon conviction. Stokes argues that the assault with a weapon conviction should be vacated and his sentence for burglary should stand as originally imposed. We address:

> *Issue One: Whether Stokes's conviction for burglary or his conviction for assault with a weapon should be vacated.*

> *Issue Two: Whether Stokes's conviction for burglary should be remanded for resentencing.*

¶2 We reverse Stokes's conviction for assault with a weapon and remand this matter to the District Court to vacate that conviction and for resentencing on the remaining conviction of burglary.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 After a December 2020 altercation at the home of Michael Benson, Stokes was charged with aggravated burglary, assault with a weapon, and robbery, all felonies. Benson

and his acquaintance reported that Stokes, seeking money he had previously loaned Benson, used a crowbar to break into the residence and assaulted Benson with the crowbar. Law enforcement arrested Stokes the following day at his home. Stokes denied forcing his way into Benson's residence and denied bringing the weapon, but acknowledged that he was present that night seeking repayment of the money he had loaned Benson.

¶4 Stokes was convicted of burglary, as a lesser-included offense of the aggravated burglary charge, and assault with a weapon.[1] The District Court sentenced Stokes to consecutive five-year suspended sentences on each conviction. The District Court imposed concurrent $5,000 fines on each conviction. On Stokes's assault with a weapon sentence, the District Court imposed the condition that Stokes complete counseling to address violence, controlling behavior, or chemical dependency. Section 46-23-502(14)(a)(vii), MCA, requires Stokes to register as a violent offender on the assault with a weapon conviction.

## STANDARD OF REVIEW

¶5 Under the plain error doctrine, the Court "may discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection was made, where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial

---

[1] The robbery charge was dismissed upon motion of both parties.

process." *State v. Wagner*, 2009 MT 256, ¶ 12, 352 Mont. 1, 215 P.3d 20 (internal quotations and citation omitted).

## DISCUSSION

*Issue One: Whether Stokes's conviction for burglary or his conviction for assault with a weapon should be vacated.*

¶6      The parties agree that the assault with a weapon charge was the predicate offense for Stokes's burglary conviction. When a second offense is charged as a predicate to a principal charge, the accused cannot be convicted of the principal charge without having committed the predicate offense. *State v. Russell*, 2008 MT 417, ¶ 26, 347 Mont. 301, 198 P.3d 271. "When the State chooses to charge the offenses in that fashion, the offenses merge. The predicate offense becomes a lesser included offense . . . ." *Russell*, ¶ 26 (citing §§ 46-11-410, 46-1-202(9), MCA). "When a criminal defendant is improperly convicted of two offenses arising out of the same transaction, the remedy is to reverse the conviction for the lesser-included offense only and to remand for resentencing." *State v. Brandt*, 2020 MT 79, ¶ 31, 399 Mont. 415, 460 P.3d 427 (citing *State v. Ellison*, 2018 MT 252, ¶ 26, 393 Mont. 90, 428 P.3d 826).

¶7      In this case, the predicate offense of assault with a weapon merged with the burglary offense and the assault with a weapon offense became the "lesser included offense." *Russell*, ¶ 26. Having been improperly convicted of these two offenses, Stokes's remedy "is to reverse the conviction for the lesser-included [assault with a weapon] offense only and to remand for resentencing." *Brandt*, ¶ 31 (citing *Ellison*, ¶ 26).

¶8 Relying on *State v. Peterson*, 227 Mont. 511, 744 P.2d 870 (1987), the State argues that because Stokes's assault with a weapon sentence included a statutorily required violent offender registration and conditions that were not imposed on his burglary sentence, this means that it exceeded the burglary sentence for purposes of determining which conviction should be vacated. In *Peterson*, we held:

> [I]f a defendant is convicted of two crimes, one of which is a lesser-included offense of the other, the proper remedy is to remand the case to the trial court with instructions to vacate the conviction of the lesser charge where the sentence for the lesser-included offense does not exceed that for the main offense.

*Peterson*, 227 Mont. at 512, 744 P.2d at 870. The State's reliance on *Peterson* is misplaced.

¶9 The *Peterson* rule involved a lesser included offense, but not a predicate offense that merged into the principal offense pursuant to § 46-11-410, MCA. A predicate offense is both a lesser-included offense and an element of the principal offense. *Russell*, ¶ 24. The principal offense encompasses and subsumes the predicate offense. In this circumstance, it is the predicate conviction that violates the statute and therefore must be the charge that is dismissed. *Russell*, ¶ 25 ("Russell's conviction of felony homicide precludes a conviction on the [predicate] aggravated assault charge . . . ."); *see also, Kills on Top v. Guyer*, No. OP 18-0656, 2019 Mont. LEXIS 292, 11-12 (Mont. July 30, 2019) ("*Russell* was clear that the predicate conviction violates the statute, which must be dismissed.").

¶10 Because the predicate offense of assault with a weapon merged into the principal offense of burglary, the assault with a weapon conviction must be vacated.

*Issue Two: Whether Stokes's conviction for burglary should be remanded for resentencing.*

¶11 The State argues that regardless of which conviction is vacated, the case should be remanded to the District Court for resentencing. Stokes argues that "[t]here is no basis in law for the District Court to resentence [him because] [t]he judgment for burglary is legal." Stokes argues that the remedy is "to strike the illegal portion of the sentence on remand." Stokes's argument is unavailing.

¶12 Stokes cites our denial of the State's rehearing petition in *Kills on Top* in ostensible support of his argument that the appropriate remedy in this case is to just "strike the illegal portion of the sentence on remand." While *Kills on Top* may be factually analogous because it involved vacating a predicate offense conviction, it does not support Stokes's argument. In *Kills on Top*, neither side requested resentencing. Having noted that fact, we nevertheless considered whether remand for resentencing was appropriate. Toward that end, we expressly considered the amount of time Kills on Top had remaining on his existing sentence, the remaining years before parole eligibility, his age, and his designation as a dangerous offender. Having considered all of those factors, we determined that our ruling would not "fundamentally undermine his sentence in a manner that would require resentencing, *when all the circumstances are considered*." *Kills on Top*, 2019 Mont. LEXIS 292, 12 (emphasis added).

¶13 When the State petitioned for rehearing in *Kills on Top* on the basis that the case should be remanded for resentencing, we noted that the State had failed to raise this issue in its opposition to Kills on Top's petition. We noted that although we had made

observations about the circumstances of Kills on Top's sentence, we concluded that resentencing was unwarranted under the circumstances because those observations were not material facts on which the decision was based—the decision being our ruling on the sole issue of whether or not to grant Kills on Top's petition to reverse his conviction for aggravated kidnapping. We therefore concluded that "the State's request for resentencing is not properly raised for the first time on rehearing."[2] *Kills on Top v. Guyer*, No. OP 18-0656, 398 Mont. 444, 454 P.3d 627 (Oct. 8, 2019).

¶14 Contrary to Stokes's argument that "there is no basis in law" for the District Court to resentence him, we have consistently held that "[w]hen a criminal defendant is improperly convicted of two offenses arising out of the same transaction, the remedy is to reverse the conviction for the lesser-included offense only *and to remand for resentencing.*" *Brandt*, ¶ 31 (emphasis added) (citing *Ellison*, ¶ 26). A predicate offense is the lesser-included offense to the principal offense. *Russell*, ¶ 26. In this case, having reversed the conviction for the predicate, lesser-included offense, Stoke's remedy is for the matter to be remanded for resentencing on the remaining conviction. *Russell*, ¶ 26.

---

[2] The State's petition for rehearing failed because it did not secure the requisite support of four members of the Court. Two members of the Court supported granting the petition, three members of the Court were opposed. Pursuant to Section IV, Paragraph 2, Supreme Court Internal Operating Rules, a petition for rehearing is considered by those justices hearing the case in the first instance and, "[w]hether decided by a five-judge panel or en banc," four members of the Court must decide in favor of granting rehearing for it to be granted.

**CONCLUSION**

¶15 We reverse Stokes's conviction for assault with a weapon. We remand this matter to the District Court to vacate that conviction and for resentencing on Stokes's burglary conviction.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR