FILED

07/29/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0718

DA 23-0718

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 167N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

LUCAS JAMES RICHESON,

Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2020-479
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

For Appellee:

Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

Kevin Downs, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  June 11, 2025

Decided:  July 29, 2025

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lucas James Richeson appeals the October 2023 judgment and sentence of the Montana First Judicial District Court, Lewis and Clark County. The State charged Richeson in September 2020 with numerous misdemeanor and felony offenses based on his attempting to break into his neighbor's apartment while she was inside with her young children. After spending the night violently destroying his own apartment, including puncturing their shared wall with a wooden stake, Richeson then tried to break down his neighbor's front door and break in her window. When he could not, he flipped over her outside barbeque grill. Law enforcement responded and eventually subdued Richeson, placing him under arrest.

¶3 Pretrial, the State dismissed the misdemeanor offenses, leaving three remaining felonies for jury determination: (1) attempted burglary based on Richeson's attempting to unlawfully enter his neighbor's apartment with the purpose to commit criminal mischief therein; (2) criminal mischief based on Richeson's damaging and/or destroying over $1,500 worth of another's property; and (3) assault on a peace officer based on Richeson's causing reasonable apprehension of bodily injury in a responding officer. The jury

convicted Richeson on all three felonies, but he appeals only the attempted burglary and criminal mischief convictions.

¶4 The dispositive issue on appeal is Richeson's assertion, underlying his ineffective assistance of counsel claim, that his separate conviction for criminal mischief violated the prohibition against multiple convictions because it was the underlying predicate offense to his conviction for attempted burglary. The State agrees and concedes that Richeson's conviction for criminal mischief violated § 46-11-410, MCA, and should be reversed.

¶5 Section 46-11-410, MCA, permits the State to charge and prosecute a defendant for multiple offenses arising out of the same transaction. Section 46-11-410(1), MCA. However, it bars conviction for more than one offense under certain conditions, including when "one offense is included in the other" or "one offense consists only of a conspiracy or other form of preparation to commit the other." Section 46-11-410(2)(a), (b), MCA. The State concedes Richeson's separate conviction for criminal mischief was barred by § 46-11-410(2)(a) and/or (b), MCA.

¶6 When a criminal defendant is improperly convicted of two offenses in violation of § 46-11-410, MCA, the remedy is to reverse the offending conviction and remand for resentencing on the remaining conviction. *State v. Stokes*, 2024 MT 32, ¶¶ 6, 15, 415 Mont. 208, 543 P.3d 601. Unlike in *Stokes*, ¶¶ 11-14, the State does not argue for resentencing here, but instead argues that we should remand with instruction to strike Richeson's conviction and sentence on the offense of criminal mischief but leave intact his conviction and sentence on attempted burglary. Richeson did not file a reply. Accordingly, we vacate Richeson's conviction for criminal mischief and remand to the First Judicial District Court

to strike that conviction and sentence from its October 2023 judgment. Richeson's conviction and sentence on attempted burglary is affirmed.

¶7     We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

4