DA 09-0238

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 58

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SCOTT ANTHONY WILLIAMS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Deer Lodge, Cause No. DC 07-46
Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Koan Mercer, Assistant Appellate
            Defender; Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
            Attorney General; Helena, Montana

            Joan Borneman, Deer Lodge County Attorney, Anaconda, Montana

                    Submitted on Briefs:  November 18, 2009

                                Decided:  March 23, 2010

Filed:

               _____
                         Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Scott Anthony Williams (Williams) appeals the Judgment of the Third Judicial District Court, Deer Lodge County.  We reverse.

¶2    We review the following issues on appeal:

¶3    *Do §§ 46-11-410(2) and 46-1-202(9), MCA, preclude conviction for both sexual intercourse without consent and sexual assault?*

¶4    *Did Williams's counsel provide ineffective assistance that would warrant withdrawal of Williams's Alford pleas?*

¶5    *Did the District Court properly impose restitution?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶6    The State of Montana (State) filed an information on December 27, 2007, that charged Williams with sexual intercourse without consent, sexual assault, assault on a minor, and intimidation.  The State's affidavit in support of the information alleged that Williams had attacked his girlfriend's thirteen year old daughter on December 16, 2007.

¶7    Williams entered Jane Doe's room and tried to rape her. Jane Doe tried to escape. Williams choked her and threatened to kill her if she told her mother.  Williams kissed her, touched her all over her body, and penetrated her vagina with his finger.  Williams blocked the front door of the house after the first attack so that Jane Doe could not leave.  Williams attempted to accost Jane Doe a second time, but she escaped from the house and fled to her mother's place of employment.  Jane Doe immediately reported the incident to law enforcement.

2

¶8 An evaluation at the hospital revealed that Jane Doe had abrasions and scrapes around her neck and a bruised cheek. She had marks all over her body, redness around her rectum, and vaginal bleeding. The State subsequently presented DNA testing that verified that Williams had been the attacker. The State elected to charge Williams for all the offenses based upon a single attack—the one that occurred in Jane Doe's bedroom.

¶9 Williams maintains he has no memory of the attack and that he had doubts as to his guilt despite the DNA evidence. The State and Williams eventually reached a plea agreement. Williams entered a plea of guilty to the sexual intercourse without consent and sexual assault charges in exchange for the State agreeing to dismiss the assault on a minor and intimidation charges. The plea agreement called for thirty years in the Montana State Prison with five years suspended on each charge. The two sentences were to run concurrently. The agreement provided that Williams would enter pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), due to Williams's alleged lack of memory of the incident.

¶10 Williams filed several acknowledgments and waivers of his rights according to his *Alford* pleas. The District Court reviewed these documents and conducted an extended plea colloquy to discuss Williams's rights at the change of plea hearing on June 11, 2008. One of the waiver documents signed by Williams noted that sexual assault constituted a lesser-included offense of sexual intercourse without consent. The court advised Williams at the hearing that "sexual assault is probably by definition a lesser-included offense of sexual intercourse without consent." Williams admitted that he was accepting the plea agreement to

3

avoid "more serious sentences that might be imposed" if he had proceeded to trial. Williams did not dispute the validity of the State's DNA evidence that confirmed that Williams had attacked Jane Doe. Williams also conceded that the DNA evidence provided the State with sufficient evidence to proceed to trial and have a jury find him guilty.

¶11 Williams filed a motion to withdraw his guilty pleas eight days later. Williams and the State filed briefs and the District Court held a hearing on September 10, 2008. Williams's counsel argued that Williams's timely request and the fact that he did not understand the ramifications of *Alford* pleas on sex offender treatment and whether he could obtain parole supported withdrawal of his pleas. Williams's counsel raised no statutory double jeopardy argument regarding multiple punishments for the two charges. Williams's counsel also failed to raise the issue of whether sexual assault constituted a lesser-included offense of sexual intercourse without consent. The court denied Williams's motion to withdraw his guilty pleas at the hearing.

¶12 The District Court sentenced Williams, consistent with the plea agreement, to two concurrent terms of thirty years in the Montana State Prison with five years suspended. The court further ordered that Williams pay for Jane Doe's reasonable medical and counseling costs. The court failed to set a specific amount of restitution. Williams appeals.

**STANDARD OF REVIEW**

¶13 Determinations regarding Montana's statutory double jeopardy protections under § 46-11-410, MCA, present questions of law that this Court reviews for correctness. *State v.*

4

*Becker*, 2005 MT 75, ¶ 14, 326 Mont. 364, 110 P.3d 1.  We review *de novo* ineffective assistance of counsel claims because they involve mixed questions of law and fact.  *Becker*, ¶ 18.

## DISCUSSION

¶14    *Do §§ 46-11-410(2) and 46-1-202(9), MCA, preclude conviction for both sexual intercourse without consent and sexual assault?*

¶15    Montana law precludes convicting a defendant of more than one offense if "one offense is included in the other."  Section 46-11-410(2)(a), MCA.  Williams contends that sexual assault constitutes an included offense of sexual intercourse without consent under § 46-11-410(2)(a), MCA.  The State argues that Williams's failure to raise this statutory double jeopardy claim before the District Court bars him from raising it for the first time on appeal.

¶16    This Court generally will not address issues raised for the first time on appeal.  *State v. Longfellow*, 2008 MT 343, ¶ 19, 346 Mont. 286, 194 P.3d 694.  Williams raises his statutory double jeopardy claims as part of his challenge to the District Court's jurisdiction to accept his *Alford* pleas and to the effectiveness of his counsel's assistance.  This Court addressed a similar statutory-based double jeopardy claim for the first time on appeal in the context of an ineffective assistance of counsel claim in *Becker*.  *Becker*, ¶ 17.  The same analysis applies here.

¶17    In *Becker*, the State charged Becker with criminal production or manufacture of dangerous drugs by accountability, felony criminal possession of dangerous drugs, and

5

criminal possession of precursors to dangerous drugs. *Becker*, ¶¶ 7, 9. Becker's trial counsel filed a motion to dismiss the criminal possession of precursors to dangerous drugs charge as a violation of the statutory prohibition against double jeopardy. *Becker*, ¶ 9. Becker's counsel argued that the precursor charge arose out of the same conduct as the criminal possession charge, but failed to include the statutory double jeopardy claims in the motion to dismiss the possession of dangerous drugs charge. *Becker*, ¶ 20. Becker's counsel relied upon only the constitutional double jeopardy analysis from *Blockburger v. U.S.*, 284 U.S. 299, 52 S. Ct. 180 (1932). *Becker*, ¶ 20. The district court denied Becker's motion to dismiss and he proceeded to trial where the jury convicted him on all counts.

¶18 Becker argued on appeal that his convictions for criminal possession of dangerous drugs and criminal possession of precursors to dangerous drugs, in addition to his conviction for production of methamphetamine, violated his statutory protection against double jeopardy. *Becker*, ¶ 13. This Court determined that criminal possession of dangerous drugs constituted a lesser-included offense of criminal production or manufacture of dangerous drugs under § 46-11-410, MCA. *Becker*, ¶ 24. The Court vacated Becker's conviction for that charge. *Becker*, ¶ 25.

¶19 This Court has assumed in multiple cases, without actually deciding, that sexual assault constitutes a lesser-included offense to sexual intercourse without consent. *See State v. Stevens*, 2002 MT 181, ¶ 54, 311 Mont. 52, 53 P.3d 356. Montana law defines "included offense" as an offense that a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged; b) consists of an attempt to

6

commit the offense charged or to commit an offense otherwise included in the offense charged; or c) differs from the offense charged only in the respect that a less serious injury or risk to the same person, or a lesser kind of culpability suffices to establish its commission. Section 46-1-202(9), MCA.

¶20 Williams failed to raise subsection (b) of § 46-1-202(9), MCA, so we decline to address it now. We find it worth noting, however, that the State chose to charge Williams only for the first attack on Jane Doe. The information filed against Williams also mentioned a second attempted attack on Jane Doe as she tried to leave the house. This second attempted attack could have formed the basis for additional charges that might have altered our discussion of the matter regarding two separate transactions. We must take the case as it comes to us. We turn then to Williams's arguments regarding subsection (a).

¶21 The "facts" required under § 46-1-202(9), MCA, subsection (a), to establish the commission of the charged offense refers to statutory elements of offenses rather than to the facts of an individual case. *State v. Beavers*, 1999 MT 260, ¶ 30, 296 Mont. 340, 987 P.2d 371. Thus, under § 46-1-202(9)(a), MCA, the statutory elements of sexual assault must be the same as, or less than, the statutory elements of sexual intercourse without consent. This Court recently addressed a similar lesser-included question under § 46-1-202(9)(a), MCA, in *State v. Weatherell*, 2010 MT 37, 355 Mont. 230, ___ P.3d ___.

¶22 Weatherell challenged on double jeopardy grounds his convictions for assault on a minor and partner or family member assault (PFMA). *Weatherell*, ¶ 11. The Court analyzed each element of assault on a minor and PFMA in considering whether assault on a minor

7

constituted an included offense of PFMA. The Court analyzed each element of the criminal offenses: 1) the mental state; 2) the required conduct; and 3) the attendant circumstances. *Weatherell*, ¶ 13.

¶23 The Court determined that even though the mental states and conduct are identical, "the attendant circumstances of PFMA and assault on a minor differ, with neither being a subset of the other." *Weatherell*, ¶ 13. The Court recognized that PFMA required proof that the victim was a family member, but PFMA did not require proof that the victim was a minor. *Weatherell*, ¶ 13. The elements of assault on a minor, by contrast, required proof that the victim was a minor, but not that the victim was a family member. The Court concluded that "despite some overlap" assault on a minor did not represent an included offense of PFMA. *Weatherell*, ¶ 13. Here sexual assault and sexual intercourse without consent also have identical mental states and conduct. Unlike *Weatherell*, however, the attendant circumstances of sexual assault represent a subset of the attendant circumstances of sexual intercourse without consent.

¶24 A person commits the offense of sexual assault by knowingly subjecting another person to any sexual contact without consent. Section 45-5-502, MCA. The statute defines "sexual contact" as touching of the sexual or other intimate parts of the person of another in order to knowingly or purposely cause bodily injury or humiliate, or to arouse or gratify either party. Section 45-2-101(67), MCA. "Without consent" retains its ordinary meaning but the statute also provides for instances where a victim may be incapable of consent. *Stevens*, ¶ 59; § 45-5-502(5), MCA.

8

¶25 Sexual intercourse without consent involves knowingly engaging in sexual intercourse without the consent of another person. Section 45-5-503(1), MCA. Sexual intercourse means the penetration of the vulva, anus, or mouth of one person by the penis or body member of another person, or by foreign instrument, knowingly or purposefully to cause bodily injury or arouse either party. Section 45-2-101(68), MCA. The statute defines "without consent" either as the victim being compelled to submit by force or being incapable of consent for a variety of circumstances. Section 45-5-501(1)(a), MCA.

¶26 The statutes establish "knowingly" as the mental state for both sexual assault and sexual intercourse without consent. Sections 45-5-502 and 45-5-503, MCA. The required conduct of "sexual contact" under sexual assault could be construed as "less than" the required conduct of "sexual intercourse" under § 45-2-101(68), MCA. For example, the touching of the sexual or intimate parts of a person constituting sexual assault potentially involves less egregious conduct than the penetration required for sexual intercourse without consent.

¶27 Finally, the attendant circumstances of sexual assault—the ordinary definition of without consent—represent a subset of "without consent" as defined under § 45-5-501(1), MCA. The ordinary meaning of "without consent" fits squarely within the definition under § 45-5-501(1)(i), MCA, that "the victim is compelled to submit by force against the victim or another." The State argues that sexual assault contains different age elements under the "without consent" definition at § 45-5-502(5)(a)(ii), MCA. The State contends that these age elements require different proof that is not "the same as or less than" the proof required

under the sexual intercourse without consent definition under § 45-5-501(1)(ii)(D), MCA. The State erroneously focuses on the facts of this case, rather than the elements of the crimes. *Beavers*, ¶ 30.

¶28 A sexual intercourse without consent conviction does not *require* a victim to be less than 16 years old. Likewise, a sexual assault conviction does not *require* the victim to be less than 14 years old and the offender to be more than three years older than the victim. These age specifications represent one way to satisfy the "without consent" element under each statute. The State can demonstrate the required proof in a variety of ways. Sexual assault's "without consent" plain meaning definition falls squarely within the scope of sexual intercourse without consent's statutory definition in § 45-5-501(1), MCA. As a result, sexual assault qualifies as a lesser-included offense of sexual intercourse without consent. *Beavers*, ¶ 30.

¶29 This Court reversed an aggravated assault conviction in *State v. Russell*, 2008 MT 417, ¶¶ 24, 44, 347 Mont. 301, 198 P.3d 271, where the State had charged the aggravated assault based upon the same attack as the felony homicide charge. The State conceded that it had used the same evidence to prove the stand-alone aggravated assault charge and the predicate felony relied upon in the felony homicide charge. *Russell*, ¶ 24. We determined that aggravated assault constituted both an included offense and an element of felony homicide. *Russell*, ¶ 24. As a result, we reversed and vacated Russell's conviction on the aggravated assault charge. *Russell*, ¶ 44. We left intact Russell's conviction on the felony homicide charge.

10

¶30 Here, § 46-11-410(2)(a), MCA, precludes the State from convicting Williams of both sexual intercourse without consent and sexual assault where the charges arose from the same attack as alleged in the information. We reverse and vacate Williams's conviction for sexual assault. As in *Russell*, however, we leave intact Williams's conviction for sexual intercourse without consent. *Russell*, ¶ 44.

¶31 *Did Williams's counsel provide ineffective assistance that would warrant withdrawal of Williams's Alford pleas?*

¶32 Williams argues that his counsel's failure to raise the statutory double jeopardy argument under § 46-11-410(2)(a), MCA, constitutes ineffective assistance. This Court faced a similar argument in *Becker*. Becker argued on appeal that his trial counsel's performance had been deficient under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Becker*, ¶¶ 17-18. This Court analyzed Becker's trial counsel's performance under the two-prong *Strickland* test. The Court determined that Becker's trial counsel's deficient performance had prejudiced Becker by failing to raise the statutory double jeopardy argument in the motion to dismiss. *Becker*, ¶¶ 20-21. The Court agreed that "Becker would have been sentenced to a lesser term" had his counsel made the appropriate argument. *Becker*, ¶ 21.

¶33 Williams argues that his counsel provided ineffective assistance by failing to advise him that the State could not have convicted him of both sexual assault and sexual intercourse without consent had he proceeded to trial. No guarantee exists, however, that Williams would have received a lesser sentence had he proceeded to trial. Williams acknowledged

11

during the plea colloquy that he entered the pleas to avoid potentially more serious consequences if he had proceeded to trial. Williams faced a potential one-hundred-year sentence for a conviction on the sexual intercourse without consent charge. Williams did not face a situation, as in *Becker* or *Russell*, where he could have received a lesser term had his counsel argued differently. *Becker*, ¶ 21; *Russell*, ¶ 15.

¶34 Williams cannot satisfy the prejudice prong of the *Strickland* test even if this Court were to assume that Williams's trial counsel performed deficiently by not raising the double jeopardy argument during the plea negotiation stage of the proceedings. Williams entered *Alford* pleas to two separate plea charges, but the District Court imposed sentences for each to run concurrently. Williams has failed to establish that his trial counsel's ineffective assistance prejudiced him in light of the fact that he still would have been sentenced to thirty years with five years suspended on the valid count for sexual intercourse without consent.

¶35 Williams argues alternatively that his counsel's failure to argue that the District Court had misrepresented Williams's options and the maximum sentence he might have faced by going to trial constitutes "good cause" to withdraw his *Alford* pleas. Pursuant to § 46-16-105(2), MCA, a defendant may withdraw a guilty plea for good cause shown. Williams predicates his claim of good cause upon the alleged ineffective assistance of his counsel in advising him on the proposed plea agreement. A defendant must satisfy both prongs of *Strickland* in order to establish the good cause requirement. *State v. Henderson*, 2004 MT 173, ¶ 17, 332 Mont. 69, 93 P.3d 1231.

12

¶36 We note first that the District Court advised Williams that sexual assault "probably" constitutes a lesser-included offense of sexual intercourse without consent. We further note that the waiver document signed by Williams explicitly stated that sexual assault constitutes a lesser-included offense of sexual intercourse without consent. More importantly, Williams cannot prove the prejudice prong of *Strickland*. Williams still faced a one-hundred-year sentence on the valid sexual intercourse without consent count. Williams's decision to accept the *Alford* plea saved Williams from a potentially far greater sentence had he proceeded to trial.

¶37 We decline to assume that counsel's failure to include the statutory double jeopardy claim in Williams's motion to withdraw his pleas constituted ineffective assistance of counsel. The plea agreement benefited Williams. He avoided a potentially more serious sentence if he had been convicted of the single count of sexual intercourse without consent. The evidence pointed to a likely conviction. The physical examination of Jane Doe revealed an attack. She suffered from abrasions and scrapes around her neck and face. Jane Doe also had marks all over her body, redness around her rectum, and vaginal bleeding. And the unchallenged DNA evidence pointed to Williams as the attacker. Williams could make no defense of consensual sexual contact as the age of Jane Doe precluded any consent on her part. Section 45-5-501(1)(a)(ii)(D), MCA.

¶38 Finally, the remedy for any statutory double jeopardy violation would not have included the withdrawal of Williams's pleas to all charges. The remedy, as we pointed out here, would have, at best, allowed Williams to withdraw his plea to the lesser-included

13

offense of sexual assault. *Opinion*, ¶ 30; *Russell*, ¶ 44. We must keep in mind that no double jeopardy violation, statutory or otherwise, took place until the District Court actually imposed a final sentence and entered the judgment. *Russell*, ¶ 25. As we noted in *Russell*, nothing under the rules of double jeopardy analysis precludes the State from seeking, and obtaining, a conviction on a more serious charge and a lesser-included offense to the more serious charge. *Russell*, ¶ 20. A potential double jeopardy violation arises only once the court imposes a separate sentence on the lesser-included offense when the facts giving rise to the offense mirror those used to prove the more serious offense. *Russell*, ¶ 24.

¶39     Williams will receive the remedy available for the statutory double jeopardy violation that he has raised on appeal. We have vacated the lesser-included sexual assault charge and leave intact Williams's conviction for sexual intercourse without consent. *Russell*, ¶ 44. *Russell* presents an analogous situation. Russell's double jeopardy violation did not entitle him to a new trial. It entitled him to the dismissal of the lesser-included offense. *Russell*, ¶ 44. Williams's double jeopardy violation does not entitle him to withdraw his guilty plea to the valid sexual intercourse without consent charge. It entitles him to dismissal of the lesser-included sexual assault charge. The District Court correctly concluded that Williams had failed to establish good cause to withdraw his guilty plea.

¶40     *Did the District Court properly impose restitution?*

¶41     The court imposed restitution payments on Williams for Jane Doe's "reasonable medical and counseling costs." The District Court imposed no specific amount of restitution.

14

Section 46-18-244(1), MCA, mandates that the sentencing court "shall specify the total amount of restitution that the offender shall pay."

¶42     The State concedes that the requirement of § 46-18-244(1), MCA, to specify the amount of restitution applies. The State presented no evidence of the amount of loss suffered by Jane Doe. We do not doubt that Jane Doe suffered greatly as a result of Williams's attack. The State elected to forgo any effort, however, to quantify her loss in the form of future counseling expenses or other areas. Accordingly, § 46-18-244(1), MCA, requires the Court to reverse the District Court's imposition of a restitution award.

## CONCLUSION

¶43     Sexual assault constitutes a lesser-included offense of sexual intercourse without consent under § 46-11-410(2)(a), MCA. We reverse Williams's conviction for sexual assault and vacate the sentence. *Russell*, ¶ 44. We leave intact Williams's conviction of sexual intercourse without consent and the thirty-year sentence imposed by the District Court. We also strike the restitution award from Williams's sentence.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE

15