ORIGINAL

**FILED**

03/10/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0101

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0101

SHANE PHILLIP NICKERSON,

Petitioner,

v.

LYNN GUYER, Warden,
Montana State Prison,

Respondent.

**ORDER**

**FILED**

MAR 10 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Shane Phillip Nickerson has filed a petition for a writ of habeas corpus, whereby he asserts that his sentence is illegal and that he should be granted immediate release from prison.

In October 2009, a jury convicted Nickerson of four felonies: sexual assault, aggravated assault, criminal endangerment, and assault on a minor. The Flathead County District Court sentenced him to the Montana State Prison for a fifty-year term for sexual assault and concurrent sentences of twenty years, twenty years, and five years respectively for the remaining felonies. Through counsel, Nickerson appealed. This Court remanded the case to the District Court to strike his conviction for assault on a minor and the five-year sentence because the State failed to prove an essential element of the offense. *State v. Nickerson*, No. DA 10-0259, 2011 MT 85N, ¶ 10, 2011 Mont. LEXIS 116. Nickerson's remaining convictions and sentences were affirmed. *Nickerson*, ¶¶ 2, 12.

In the instant petition, Nickerson seeks retroactive "collateral review and plain error review to each conviction[.]" He contends that several constitutional errors exist and that his conviction for sexual assault is illegal because Montana statutes bar a subsequent prosecution from the same transaction. He raises multiple claims: (1) that he was subjected to double jeopardy when he was prosecuted for numerous counts; (2) that the jury instructions did not include lesser-included offenses, and (3) that he had ineffective

assistance of counsel. Nickerson puts forth that his "subsequent prosecution" for sexual assault be vacated as a predicate offense. *Kills on Top v. Guyer*, No. OP 18-0656, 2019 Mont. LEXIS 292, Order (Mont. Jul. 31, 2019). The crux of his arguments concerns his inability to be granted parole because he cannot complete phase two of the sex offender program treatment due to his denials. He further argues that this "miscarriage of justice" lifts any time bar to these issues presented in a habeas corpus petition.

Nickerson's reliance on Montana case law from direct appeals does not provide him legal authority to lift a procedural bar in an original proceeding, such as this. While Nickerson correctly quotes the purpose of habeas corpus as challenging a facially invalid sentence, he cannot demonstrate such an illegal sentence. Section 46-22-101(1), MCA. All of his arguments are to his convictions, which we cannot review. His reference to this Court's recent *Kills on Top* decision is not applicable either. Predicate offenses concern forcible felonies and deliberate homicide. *See* § 45-5-102(1)(b), MCA. Sexual assault is an included, but not a predicate, offense of sexual intercourse without consent. *State v. Williams*, 2010 MT 58, ¶ 28, 355 Mont. 354, 228 P.3d 1127. Lastly, habeas corpus is not an appropriate remedy for constitutional issues. *Gates v. Missoula County Comm'rs*, 235 Mont. 161, 261-62, 766 P.2d 884, 884-85 (1988).

Nickerson brings his claims too late and via the wrong remedy of habeas corpus. Section 46-22-101(2), MCA. This statute bars a person "who has been adjudged guilty of an offense and . . . has exhausted his remedy of appeal, to attack the validity of his sentence." *Lott v. State*, 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. The issues Nickerson raise here could have been raised in his initial appeal. We point out that this Court addressed two issues of ineffective assistance of counsel in his appeal, determining that the first issue was moot and the second was without merit. *Nickerson*, ¶¶ 10-11. By appealing, Nickerson has exhausted the remedy of appeal and cannot now attack the sentences for his convictions. We observe that Nickerson has an appeal pending of a recent denial of his petition for postconviction relief from the Flathead County District Court. *Nickerson v. State*, No. DA 20-0129, Notice of Appeal filed Mar. 2, 2020. Therefore,

IT IS ORDERED the Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Shane Phillip Nickerson.

DATED this 16ᵗʰ day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices