ORIGINAL

FILED

08/16/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0415

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0415

SHANE PHILLIP NICKERSON,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

AUG 1 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Shane Phillip Nickerson has filed a petition for a writ of habeas corpus along with a motion for appointment of counsel. Nickerson contends that his sentence for criminal endangerment is illegal, violates the Double Jeopardy Clause, and is facially invalid. He asserts that criminal endangerment is an "included offense to the aggravated assault sentence" in his original underlying criminal case. Nickerson argues that this sentence also violates § 46-11-410(2)(a), MCA, and challenges the tier level. He requests resentencing.[1]

The Flathead County District Court held a jury trial for Nickerson and his alleged felonies in October 2009. The jury found Nickerson guilty of sexual assault, aggravated assault, criminal endangerment, and assault on a minor for various injuries to a nine-month-old boy in August 2008. The court sentenced Nickerson to the Montana State Prison for a fifty-year term for sexual assault. He also received concurrent sentences of twenty years, ten years, and five years for the other felonies, respectively. Nickerson, through counsel, appealed the conviction of assault on a minor. *State v. Nickerson*, No. DA 10-0259, 2011 MT 85N, ¶ 9, 2011 Mont. LEXIS 116 (*Nickerson I*). We affirmed in part and reversed the conviction of assault on a minor, dismissing the five-year sentence. *Nickerson I*, ¶ 12.

---

[1] As part of his attachments, Nickerson points to an April 19, 2022 Order where the U.S. District Court granted his motion to dismiss without prejudice because "Nickerson explain[ed] he would like to return to state court and file a habeas action there in an effort to exhaust his new claims."

In March 2020, Nickerson sought habeas corpus relief for his sentence. He sought retroactive "collateral review and plain error review to each conviction." *Nickerson v. Guyer*, No. OP 20-0101, Order, at 1 (Mont. March 10, 2020) (*Nickerson II*). Nickerson put forth:

> He raises multiple claims: (1) that he was subjected to double jeopardy when he was prosecuted for numerous counts; (2) that the jury instructions did not include lesser-included offenses, and (3) that he had ineffective assistance of counsel. Nickerson puts forth that his "subsequent prosecution" for sexual assault be vacated as a predicate offense. *Kills on Top v. Guyer*, No. OP 18-0656, 2019 Mont. LEXIS 292, Order (Mont. Jul. 31, 2019). The crux of his arguments concerns his inability to be granted parole because he cannot complete phase two of the sex offender program treatment due to his denials. He further argues that this "miscarriage of justice" lifts any time bar to these issues presented in a habeas corpus petition.

*Nickerson II*, at 1-2. We denied his petition for habeas corpus relief, explaining that he brings his claims too late and through the wrong remedy. Section 46-22-101(2), MCA. We stated:

> Nickerson's reliance on Montana case law from direct appeals does not provide him legal authority to lift a procedural bar in an original proceeding, such as this. While Nickerson correctly quotes the purpose of habeas corpus as challenging a facially invalid sentence, he cannot demonstrate such an illegal sentence. Section 46-22-101(1), MCA. All of his arguments are to his convictions, which we cannot review. His reference to this Court's recent *Kills on Top* decision is not applicable either. Predicate offenses concern forcible felonies and deliberate homicide. *See* § 45-5-102(1)(b), MCA. Sexual assault is an included, but not a predicate, offense of sexual intercourse without consent. *State v. Williams*, 2010 MT 58, ¶ 28, 355 Mont. 354, 228 P.3d 1127. Lastly, habeas corpus is not an appropriate remedy for constitutional issues. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 261-62, 766 P.2d 884, 884-85 (1988).

This Court let Nickerson know that we addressed his claims of ineffective assistance of counsel in *Nickerson I*, ¶¶ 10-11, and that Nickerson exhausted the remedy of appeal with his prior appeal. *Nickerson I*.

2

Nickerson then appealed the denial of his petition for postconviction relief from the Flathead County District Court. We affirmed the District Court's denial that his petition was time barred. *Nickerson v. State*, 2021 MT 64N, 2021 Mont. LEXIS 229 (Mar. 9, 2021) (*Nickerson III*).[2]

In May 2022, Nickerson again sought habeas corpus relief with this Court. He requested that his concurrent sentences for criminal endangerment and aggravated assault be vacated. We stated:

> Section 46-11-410(1), MCA, provides that "[w]hen the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense." While Nickerson may argue the invalidity of his sentences for offenses from the same transaction, he still is arguing about his convictions, which cannot be remedied by habeas corpus. These claims have been brought too late and through the wrong remedy. We explained this to him in 2020.

*Nickerson v. Salmonsen*, No. OP 22-0260, Order, at 2 (Mont. Jun. 7, 2022) (*Nickerson IV*); *see also Nickerson II*.

In his instant Petition, Nickerson has raised the same issues that this Court has repeatedly addressed (hereinafter *Nickerson V*). *See also Nickerson II* and *Nickerson IV*. He is not entitled to resentencing. Nickerson is not entitled to habeas corpus relief concerning the sentences for his convictions that he appealed more than a decade ago. Section 46-22-101(2), MCA. We conclude that Nickerson has exhausted his remedies with this Court concerning his 2009 convictions and 2010 sentence. *Nickerson I, Nickerson II, Nickerson IV*, and *Nickerson V*.

We caution Nickerson to refrain from filing petitions with this Court concerning his convictions and sentence. If Nickerson were to file another pleading with the same or similar claims, this Court will impose the requirement of filing a motion for leave prior to filing any pleading. Accordingly,

---

[2] In January 2022, Nickerson sought a writ of mandamus, seeking to be placed in Montana as opposed to South Dakota. We denied his writ because he could not demonstrate a clear legal duty. *Nickerson v. State and Dep't of Corr.*, No. OP 22-0007, Order (Mont. Jan. 18, 2022).

3

IT IS ORDERED that Nickerson's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that Nickerson's Motion for Appointment of Counsel is DENIED, as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Shane Phillip Nickerson personally.

DATED this 16th day of August, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices