FILED

October 20 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0188

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 215

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

TODD MOLENDA,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Ninth Judicial District,
                  In and For the County of Glacier, Cause No. DC 08-54
                  Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

             Meghan Lulf Sutton, Law Office of Meghan Sutton; Great Falls,
             Montana

       For Appellee:

             Steve Bullock, Montana Attorney General; Mardell Ployhar,
             Assistant Attorney General; Brant Light, Assistant Attorney General,
             Chief, Prosecution Services Bureau; Helena, Montana

                        Submitted on Briefs:  August 31, 2010

                                 Decided:  October 20, 2010

Filed:

             _____
                            Clerk

W. William Leaphart delivered the Opinion of the Court.

¶1 The State charged Todd Molenda (Molenda) with accountability to criminal endangerment for hitting, kneeing, and kicking a man who intervened in a fight. Before trial, Molenda filed proposed jury instructions requesting that the jury be instructed on assault as a lesser included offense of criminal endangerment. The District Court denied Molenda's request for an instruction on assault as a lesser included offense.

¶2 Molenda subsequently entered into a plea agreement whereby he plead guilty and was sentenced to three years in prison with all but ten days suspended. Molenda now appeals the District Court's denial of his motion for an instruction on the lesser included offense of assault as defined in § 45-5-201(1)(a), MCA. We affirm.

## STANDARD OF REVIEW

¶3 Whether an offense is lesser included is a matter of law. *State v. Castle*, 285 Mont. 363, 368, 948 P.2d 688, 690 (1997). We review questions of law *de novo*. *State v. Howard*, 2008 MT 173, ¶ 8, 343 Mont. 378, 184 P.3d 344.

## DISCUSSION

¶4 In order for a district court to instruct the jury on a lesser included offense, the offense must actually constitute a lesser included offense of the offense charged and there must be sufficient evidence to support the included offense instruction. *State v. Cameron*, 2005 MT 32, ¶ 19, 326 Mont. 51, 106 P.3d 1189. An included offense means an offense that:

> (a)    is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(b)     consists of an attempt to commit the offense charged or to commit an offense otherwise included in the offense charged; or

(c)     differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.  [§ 46-1-202(9), MCA.]

¶5     The District Court limited its analysis to Defendant's contention that only subsections (a) and (c) apply.  We similarly focus our analysis on subsections (a) and (c) as well as the definition of assault presented by the Defendant, i.e. "purposely or knowingly causes bodily injury to another."  Section 45-5-201(1)(a), MCA [hereinafter "assault"].

¶6     **1.  Does assault constitute a lesser included offense under § 46-1-202(9)(a), MCA?**

¶7     A lesser included offense must require proof of the same or less than all the facts required to establish the commission of the offense charged to qualify under subsection (a).  Section 46-1-202(9)(a), MCA.  Molenda contends that since the facts at trial show that any criminal endangerment arose out of his assault, the assault is "included" within criminal endangerment.  However, "'facts' in subsection (a) of § 46-1-202(9), MCA, refers to the statutory elements of the charged offense and not to the individual facts of the case." *State v. Beavers*, 1999 MT 260, ¶ 30, 296 Mont. 340, 987 P.2d 371.

¶8     In *Beavers*, the defendant instigated a high speed police chase.  *Id.* at ¶¶ 12-13.  Beavers was charged with criminal endangerment for failing to observe traffic laws and driving in an erratic manner.  *Id.* at ¶ 15.  Beavers argued that the district court should have instructed the jury on the lesser included offense of reckless driving because "driving is simply a subset of a larger group of activities that can give rise to criminal

3

endangerment" and "no additional evidence is required to prove reckless driving than that required to prove criminal endangerment." *Id.* at ¶ 28.

¶9　In rejecting Beaver's argument, we reasoned that reckless driving was not a lesser included offense to criminal endangerment because: whereas reckless driving requires a showing of willful and wanton disregard, criminal endangerment requires a knowing act; whereas reckless driving requires driving a vehicle, criminal endangerment does not; and whereas reckless driving requires a disregard for the safety of others irrespective of the degree of risk, criminal endangerment requires a substantial risk of serious death or serious bodily injury. *Id.* at ¶ 29. We concluded that, since "the term 'facts' refers to the statutory elements of the offenses, not the individual facts of the case," reckless driving cannot be a lesser included offense of criminal endangerment under § 46-1-202(9)(a), MCA. *Id.* at ¶ 30.

¶10　Pursuant to our holding in *Beavers,* we determine whether the statutory elements of an assault are the same or less than those required for criminal endangerment. Because assault requires "[causing] bodily injury to another" and criminal endangerment requires "[creation of] a substantial risk of death or serious bodily injury to another," the statutory elements of each offense are clearly not the same.

¶11　The elements of an assault are also not less than those required for criminal endangerment. In *State v. Becker,* 2005 MT 75, ¶ 24, 326 Mont. 364, 110 P.3d 1, we applied § 46-1-202(9)(a) and recognized a lesser included offense because the elements of criminal possession are the same or less than those required for drug manufacturing. In *Becker*, we explained that possession is lesser included because the offense of criminal

4

production or manufacture of a dangerous drug requires proof of each relevant element of criminal possession along with the additional element of production or manufacture. *Id.* at ¶ 23. Unlike our analysis in *Becker*, criminal endangerment does not require proof of the relevant elements of an assault. Although as a factual matter, Molenda may have completed an assault while creating a substantial risk of serious bodily injury to another, the law does not require that Molenda actually cause "bodily injury to another" in order to find him guilty of criminal endangerment. The District Court provided another illustration:

> [A] person operating a motor vehicle while under the influence of alcohol with a passenger asleep in the vehicle has committed the offense of criminal endangerment despite not having committed any of the four definitions of assault.

Because the elements of assault are neither the same nor less than the elements required for criminal endangerment, we find that assault is not a lesser included offense to criminal endangerment under § 46-1-202(9)(a), MCA.

¶12 **2. Does assault constitute a lesser included offense under § 46-1-202(9)(c), MCA?**

¶13 We have held that an offense is a lesser included offense under subsection (c) if it differs from the offense charged only "by way of a less serious injury *or* a less serious risk *or* a lesser kind of culpability." *State v. Fuqua*, 2000 MT 273, ¶ 24, 302 Mont. 99, 13 P.3d 34.

¶14 The State cites *State v. Fisch*, 266 Mont. 520, 523, 881 P.2d 626, 628 (1994), for its proposition that, to qualify as an included offense, assault must differ from criminal

5

endangerment in one, and only one, of the ways described in subsection (c). It goes on to quote *Fisch*:

> [T]his careful drafting permits an offense which differs from the charged offense in only one significant respect regarding degree to be an included offense; at the same time, it prevents the 'inclusion' of offenses which differ sharply in several respects from the charged offense. [*Id.*]

The Court reached the correct result in *Fisch* and the State has properly quoted that opinion. However, upon review, we conclude that the Court in *Fisch* misinterpreted the meaning of § 46-1-202(9)(c), MCA. Under the reasoning in *Fisch*, a lesser included offense can differ from the greater offense "in one, but only one, of the three ways set forth in [subsection (c)]." *Id.* In other words, if there is a lesser degree of injury and lesser degree of risk, then *Fisch* would dictate that since the offense differs in more than one of the three enumerated ways, it cannot be a lesser included offense. Likewise, an offense that is lesser than the offense charged in all three ways permitted under subsection (c) would also not be a lesser included offense.

¶15 We stated in *Fisch* that since subsection (c) was written in the disjunctive and with an "only" qualifier, this interpretation was intended. *Id.* This result, however, is illogical. "Or" has an inclusive meaning as well as an exclusive meaning. Its meaning is usually inclusive—meaning "A or B, or both," as opposed to exclusive—meaning "A or B, but not both." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 624, (2d ed. Oxford U. Press 1995) (citing Scott J. Burnham, *The Contract Drafting Guidebook* 163 (1992)). In order to make sense of subsection (c), "or" must be interpreted in its inclusive sense.

6

¶16     Properly interpreted, subsection (c) provides that if the only difference between the two offenses is one of degree (be it risk, injury, culpability, or any combination thereof) then it can be a lesser included offense. If there are other differences between the two offenses (other than differences of degree) then it cannot qualify as a lesser included offense.

¶17     For example, in *Fuqua*, ¶ 25, we concluded that an offense was not lesser included because even though the offenses differed in the degree of culpability, there was also a qualitative difference. In *Fuqua*, the defendant was charged with assault on a police officer and argued that the jury should have been instructed on negligent endangerment as a lesser included offense. *Id.* at ¶ 10. We determined that even though negligent endangerment differed in the degree of culpability (negligence rather than knowingly or purposely), the offenses were also qualitatively different in that assault on a police officer requires an actual assault on a police officer, not merely a substantial risk of injury. *Id.* at ¶ 25. Given this qualitative distinction, the difference in degree was not the "only" difference between the two offenses. Thus, negligent endangerment was not a lesser included offense under subsection (c).

¶18     Similarly, in *Beavers*, ¶ 17, Beavers was charged with criminal endangerment and offered reckless driving as a lesser included offense. While the offenses differed in the degree of culpability required (willful and wanton disregard rather than knowingly), that was not the only difference. *Id.* at ¶ 29. There was an additional qualitative difference because reckless driving, unlike criminal endangerment, requires driving a vehicle. *Id.*

7

¶19    Also, although our statutory interpretation in *Fisch* was flawed, we reached the correct result. Fisch was charged with aggravated assault and offered negligent endangerment as a lesser included offense. *Fisch*, 266 Mont. at 521, 881 P.2d at 627. Fisch properly argued that the offenses differed in the degree of culpability. *Id.* at 524. That is, assault requires "purposely or knowingly" rather than "negligence." *Id.* However, we concluded that there was also a qualitative difference between the offenses. That is, aggravated assault requires infliction of serious bodily injury, while negligent endangerment only requires a "risk." *Id.* at 523-24. We explained:

> [A] 'risk' element—of whatever degree—is altogether distinct from an "injury" element, as used in the statute, a risk connotes creating a dangerous situation or condition, while an injury connotes the actual infliction of harm. Risk of varying degrees would compare an element such as the 'substantial risk' of death or serious bodily injury contained in the endangerment definition with, for example, a mere risk of death or serious bodily injury. [*Id.*]

Since the difference in degree of culpability is not the "only" difference, we concluded that negligent endangerment is not a lesser included offense of aggravated assault. *Id.* at 524.

¶20    In *Fisch*, *Beavers*, and *Fuqua*, the offenses at issue differed in degree in one of the three ways contemplated by § 46-1-202(9)(c), MCA. However, the difference in degree was not the *only* difference. In each case, since there was an additional qualitative difference, one offense was not included within the other.

¶21    Contrary to our statement in *Fisch*, if a lesser offense differs in degree from a greater offense in more than one of the three enumerated ways, it can qualify as a lesser included offense, if there are no additional, qualitative differences. Under § 46-1-

8

202(9)(c), MCA, if the *only* difference between the lesser offense and the greater offense is one of degree (be it injury, risk, culpability, or a combination thereof), the lesser offense is considered to be "included" within the greater offense. However, if there is an additional qualitative difference between the two offenses, one cannot be included within the other. To the extent that it conflicts with the above interpretation of § 46-1-202(9)(c), MCA, *Fisch* is overruled.

¶22    Molenda contends that because assault involves a "bodily injury" and criminal endangerment involves "serious bodily injury," the only difference is the degree of injury. However, Molenda is mistaken because criminal endangerment does not require an injury at all, only a risk of injury. Assault, on the other hand, requires an injury and no risk. It cannot be said that assault differs from criminal endangerment only by way of a less serious injury, a less serious risk, or a lesser kind of culpability. In other words, as pointed out in *Fuqua* and *Fisch*, the difference between the elements of risk and injury is qualitative, not merely a matter of degree.

¶23    We conclude that assault as defined in § 45-5-201(1)(a), MCA, is not a lesser included offense of criminal endangerment under § 46-1-202(9)(a) or (c), MCA. Affirmed.

                                        /S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

9