FILED

10/28/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0526

DA 24-0526

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 245

---

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TAYLOR JEAN CARLSON,

      Defendant and Appellant.

---

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC-23-693
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nathan J. Hoines, James R. Olsen, Denise R. LaFontaine-Aron, Hoines
Law Office, P.C., Great Falls, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Matthew S. Robertson,
Deputy County Attorney, Great Falls, Montana

---

          Submitted on Briefs:  August 27, 2025

          Decided:  October 28, 2025

Filed:

_____
          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Taylor Jean Carlson (Carlson) appeals from the judgment entered by Eighth Judicial District Court, Cascade County, after a jury trial, convicting her of Tampering with or Fabricating Physical Evidence, § 45-7-207(1)(a), MCA (2023). She challenges the District Court's denial of her request for a lesser included offense instruction.[1] We consider:

> *Did the District Court err by denying Defendant's request for a jury instruction on Criminal Destruction of or Tampering with a Communication Device, § 45-6-105, MCA, as a lesser included offense of Tampering with Evidence, § 45-7-207(1)(a), MCA?*

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On September 16, 2023, Carlson and her ex-boyfriend, Shane Dalke (Dalke), had a physical altercation. Carlson and Dalke had previously dated for approximately five years. On the date of the altercation, Dalke, Carlson, and Carlson's daughter attended a wedding together, which lasted for several hours. Afterwards, the parties returned to their respective homes.

¶3 A few hours later, Carlson contacted Dalke about meeting up again later that evening. She wanted him to join her at a bar while she gambled. Dalke informed Carlson over the phone that he did not intend to go out that night and instead suggested she come over to his house. Upon Carlson's arrival at Dalke's home, she asked him if they could relocate to her house for the evening as she needed to watch both her daughter and her

---

[1] Carlson was also convicted of Partner Family Member Assault, § 45-5-206(1)(a), MCA, a misdemeanor, but does not challenge this conviction on appeal.

daughter's cousin. To this, Dalke agreed but stated he would drive his own vehicle, as he wanted to return that evening. Carlson left, expecting Dalke to follow her in his own vehicle. However, Dalke testified at trial that "[he] didn't have an intention to actually leave[, he] just said that." A short time later, Carlson called him and, in his words, "called my bluff." This conversation devolved into "a screaming argument over the phone." Eventually, Carlson hung up the phone.

¶4 A short time later, Dalke looked out his window and saw Carlson's car parked in front of his home and Carlson walking towards his front door. At the door, Carlson demanded that Dalke let her inside. He responded that she should return to her car and call him. Carlson refused and again demanded entrance. Dalke stated that he intended to record her. When questioned about this comment at trial, he testified, "I'm in the security business. And I install cameras for part of my career, and I thought that she needed to be recorded because of the state of mind she was in. [S]o I did that to protect myself."

¶5 After telling Carlson that he planned to record her, Dalke opened the door, and Carlson immediately began attacking Dalke. Carlson repeatedly slapped Dalke on his hands and arms throughout the altercation. She told him to stop recording her and kicked him two or three times. Carlson repeatedly sought to take Dalke's phone, and eventually grabbed it with one hand while elbowing Dalke in the cheek. As the parties struggled for possession of the phone, it flew out of their hands and landed on the floor.

¶6 Carlson picked up the phone and attempted to enter Dalke's passcode. However, Dalke had changed his passcode after he and Carlson ended their relationship. When Dalke refused to give her the new passcode, Carlson responded that if he gave her the passcode,

she would delete the video and thereafter never see him again. Dalke asked Carlson to leave and told her he planned to delete the video himself, and she could witness it through the window. When Carlson did not leave, Dalke decided to leave and, grabbing his keys, he began to walk to the door. Carlson intercepted him on the way to the front door, stating that they had more to discuss. Dalke responded that they had nothing further to talk about and walked to the table to put his keys away. He then ran out the back door.

¶7 As it was dark, Dalke stood under an outside light of the duplex next door. Carlson came outside and stood by her car. Dalke instructed her to toss his phone onto the grass and then leave. Carlson proceeded to throw Dalke's phone "down on the concrete multiple times[,]" breaking it and rendering it inoperable. Carlson then moved toward a camper parked in Dalke's driveway.

¶8 Dalke began walking to his friends' house, who lived nearby. Carlson went to her car and drove after Dalke in an attempt to intercept him. When he saw Carlson in the car, Dalke returned to the place he had stood before, under the light of the neighboring duplex. Carlson then returned to Dalke's home and spoke to him through the passenger window of her car, telling him to get into the car, but he refused. Carlson told Dalke to call the cops and then showed him the bowl of keys she had taken from his house, thus assuring him that he could not leave.

¶9 Dalke then suggested that he could flag down a police officer, because he lived by a busy street. Carlson drove her car back into Dalke's driveway and went inside his house. Dalke then ran to his friends' home and used their phone to call the police. When Officer Horn arrived, Dalke provided a statement. Due to Dalke's concerns that Carlson may not

4

have vacated his home, Officer Horn agreed to go to his house and check. Later, another police officer arrived and informed Dalke that Carlson had indeed remained in his home and had been taken to the jail by Officer Horn.

¶10 Carlson was charged with misdemeanor PFMA and Tampering with or Fabricating Physical Evidence, a felony. Trial was held on March 7 and 8, 2024. Police were unable to recover any data or recordings from Dalke's phone because Carlson's actions had destroyed it. After the presentation of evidence, Carlson's attorney requested that the jury receive the instruction for Criminal Destruction of or Tampering with a Communication Device, § 45-6-105, MCA, a misdemeanor, as a lesser included offense of Tampering with or Fabricating Physical Evidence, arguing that "if you look at these two statutes, Judge, it's the same proof" because tampering with evidence would encompass destruction of a communication device. The State opposed the motion, arguing that Carlson destroying a phone because it contained a recording of her is not the same as destroying a phone to prevent Dalke from reporting to law enforcement. The District Court denied the instruction, reasoning, inter alia, that "the alleged lesser included offense actually contains an element that the alleged greater offense doesn't have," and thus failed as a matter of law, without considering whether there was record evidence that would support the lesser included instruction. Carlson was convicted of the tampering offense. She was sentenced to one year in the Cascade County Detention Center, with all but two days suspended.

¶11 Carlson appeals, challenging the District Court's denial of the lesser included offense jury instruction.

## STANDARD OF REVIEW

¶12 "We review a district court's refusal to give a jury instruction on a lesser-included offense for an abuse of discretion." *State v. Avidiya*, 2025 MT 31, ¶ 8, 420 Mont. 344, 563 P.3d 763 (citing *State v. Craft*, 2023 MT 129, ¶ 9, 413 Mont. 1, 532 P.3d 461) (citation omitted). We review de novo the determination of whether, as a matter of law, an offense constitutes a lesser included offense. *State v. Ohl*, 2022 MT 241, ¶ 6, 411 Mont. 52, 521 P.3d 759 (citing *State v. Molenda*, 2010 MT 215, ¶ 3, 358 Mont. 1, 243 P.3d 387).

## DISCUSSION

¶13 *Did the District Court err by denying Defendant's request for a jury instruction on Criminal Destruction of or Tampering with a Communication Device § 45-6-105, MCA, as a lesser included offense of Tampering with Evidence, § 45-7-207(1)(a), MCA?*

¶14 "A defendant is entitled to a lesser-included offense instruction when 'there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.'" *Avidiya*, ¶ 10 (citing § 46-16-607(2), MCA). Section 46-1-202(9)(a), MCA, defines an "included offense" as one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged." "'[F]acts' in subsection (a) of § 46-1-202(9), MCA, refers to the statutory elements of the charged offense and not to the individual facts of the case.'" *State v. Jay*, 2013 MT 79, ¶ 40, 369 Mont. 332, 298 P.3d 396 (citing *State v. Molenda*, 2010 MT 215, ¶ 7, 358 Mont. 1, 243 P.3d 387); *see also State v. Denny*, 2021 MT 104, ¶ 29, 404 Mont. 116, 485 P.3d 1227 ("a lesser-included offense is one that is established by proof of the same or less than all the elements required to establish the

6

commission of the offense charged."). We have "enumerated a two-factor test to determine whether a lesser-included offense instruction is warranted: '(1) as a matter of law, the offense for which the instruction is requested is a lesser-included offense of the offense charged; and (2) the proposed lesser-included offense instruction is supported by the evidence.'" *Avidiya*, ¶ 11 (citing *State v. Freiburg*, 2018 MT 145, ¶ 13, 391 Mont. 502, 419 P.3d 1234). "We need only reach the secondary question of whether evidence supported [the Defendant's] proposed instruction . . . if we determine that the offense is a lesser-included offense" as a matter of law. *Denny*, ¶ 35.

¶15    Tampering with or Fabricating Physical Evidence, § 45-7-207, MCA, provides:

(1) A person commits the offense of tampering with or fabricating physical evidence if, believing that an official proceeding or investigation is pending or about to be instituted, the person:
    (a) alters, destroys, conceals, or removes any record, document, or thing with purpose to impair its verity or availability in the proceeding or investigation; or
    (b) makes, presents, or uses any record, document, or thing knowing it to be false and with purpose to mislead any person who is or may be engaged in the proceeding or investigation.

¶16    Then, Criminal Destruction of or Tampering With a Communication Device, § 45-6-105, MCA, states:

(1) A person commits the offense of criminal destruction of or tampering with a communication device if the person purposely or knowingly destroys or tampers with a telephone or other communication device to obstruct, prevent, or interfere with:
    (a) the report to any law enforcement agency of any actual criminal offense;
    (b) the report to any law enforcement agency of any actual bodily injury or property damage; or
    (c) a request made to any governmental agency or to any hospital, doctor, or other medical provider for necessary ambulance or emergency medical assistance.

7

(2) A person destroys or tampers with a communication device by making the communication device unusable or inoperable, by interrupting its use, or by making it inaccessible.

¶17 Carlson argues the District Court erred by denying the lesser included instruction because all of the elements of destruction of a communication device can be established by "all or less than" the elements of tampering with evidence. Carlson contends a phone or communication device under the destruction of a communication device statute "could be the same" as physical evidence that is destroyed under the tampering with evidence statute, citing *Denny*. She notes that, while the ultimate purposes addressed by respective statutes—to stop a report from being made to law enforcement about a criminal offense versus to impair the availability of evidence in a proceeding that a defendant believed was, or about to be pending—"have different phrases attached to them, their essence is the same," and the required proof would be the same. The State responds that Carlson's argument "misses the mark because it improperly reclassifies a communication device as containing 'evidence' under Mont. Code Ann. § 45-6-105(1)." The State argues that the destruction of a communication device constitutes an illegal act because it obstructs the ability to use the device to report to authorities or call for assistance, not because the destruction of the device tampers with evidence, and thus each offense contains an element that the other does not. It also contends that Carlson's argument that the proof required for each of the statutes is the same improperly looks to factual similarities instead of the statutory elements.

¶18 In *Denny*, the District Court denied the Defendant's request for a lesser included instruction by reasoning that the unauthorized use of a motor vehicle, § 45-6-308(1), MCA,

8

could not be a lesser included offense of theft by possession of stolen property, § 45-6-301(3)(c), MCA, because the lesser offense required the subject property to be a vehicle and thus had one element that the possession of stolen property offense did not. *Denny*, ¶¶ 11, 31. We disagreed with this reasoning, noting that "although the subject property in an unauthorized use of a motor vehicle prosecution *must* be an automobile, the subject property in a prosecution for theft by possession of stolen property *could* also be a automobile." *Denny*, ¶ 31 (emphasis in original). However, we nonetheless affirmed the District Court's denial of the request, explaining that the issue "turns on the element of intent." *Denny*, ¶ 32. We noted that possession of stolen property "requires that the subject property be 'stolen'. . . [and] also requires that a defendant have the intent to deprive the owner of their property." *Denny*, ¶ 33. On the other hand, unauthorized use of a vehicle "does not have an element requiring the automobile be obtained by theft nor does it require an intent to deprive the owner. Rather, the automobile must be operated without the owner's consent." *Denny*, ¶ 33 (internal quotation and punctuation omitted). We explained that "[s]ubstantial overlap in proof to establish the elements of each offense does not make unauthorized use a lesser-include[d] offense of theft by possession of stolen property." *Denny*, ¶ 34.

¶19 Our decision here rests on a similar basis as *Denny*. Carlson correctly argues that a communication device could also be considered a "thing" under the tampering with evidence statute—like a vehicle could be considered property under the statutes at issue in *Denny*—but the issue again turns, in part, on the element of intent. *Denny*, ¶ 32. Under the destruction of communication device, the purpose is solely preemptive, that is, "to

9

obstruct, prevent, or interfere with" a report being made to law enforcement about a criminal offense, bodily injury or property damage, or a request being made for medical assistance. Section 45-6-105, MCA. As the State notes, the criminalized conduct is preventing the phone's primary use—communication. In contrast, the purpose under the tampering with evidence is reactive, that is, "alters, destroys, conceals, or removes" *existing* evidence with the purpose "to impair its verity or availability" so that this evidence will not become a part of an official proceeding. Section 45-7-207, MCA. In contrast to preventing communication, the criminalized conduct under this statute is spoliation of evidence. In addition to this difference in purpose, a further distinction between these offenses is the necessity—the element—of prior existing evidence under the tampering with evidence statute.[2]

¶20    To be sure, the statutes are similar and, depending upon the evidence it had obtained, the State could well have charged under either statute. The prosecutor argued to the District Court that there was no evidence Dalke was attempting to call police when Carlson destroyed the phone, but that there was evidence he had videotaped Carlson with his phone, and told her he would do so. Regardless, neither the similarity between offenses, nor the prosecutor's charging options, is dispositive here. "Substantial overlap in proof to establish the elements of each offense does not make unauthorized use a lesser-include[d] offense

---

[2] Our utilization of "reactive" and "preemptive" in the discussion does not add elements to these offenses, but merely serves to help explain the differences in the intentions required by the two statutes. As we held in *Denny*, the question of a lesser-included offense can "turn[] on the element of intent." *Denny*, ¶ 32. Here, the tampering statute requires that a defendant intend to impair the "verity or availability" of existing evidence by altering or destroying it, while the intent required by destruction of a communication device is to prevent its use for communication.

10

of theft by possession of stolen property." *Denny*, ¶ 34. Rather, the case turns on an analysis of the elements as a matter of law and, as explained above, the elements are not the same. Specifically, there is at least one element of the destruction of a communication device that is not included within the requisite elements of the tampering with evidence offense.

¶21 The District Court correctly determined that Criminal Destruction of a Communication Device is not a lesser included offense of Tampering with or Fabricating Physical Evidence, and therefore did not err by refusing to give the requested instruction.

¶22 Affirmed.

/S/ JIM RICE

We Concur:

/S/ CORY J. SWANSON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

Justice Laurie McKinnon, dissenting.

¶23 I respectfully dissent from the distinction between the intent elements of Tampering with Physical Evidence under § 45-7-207(1)(a), MCA, and Criminal Destruction of a Communication Device under § 45-6-105(1)(a), MCA. Opinion, ¶ 19.

¶24 Under the two-factor test to determine whether a defendant is entitled to a lesser-included offense instruction, we first determine whether the requested instruction refers to a lesser-included offense of the offense charged as a matter of law. *State v. Castle*, 285 Mont. 363, 368, 948 P.2d 688, 690-91 (1997). An included offense is "established by

11

proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Section 46-1-202(9)(a), MCA; *see also Castle*, 285 Mont. at 367, 948 P.2d at 690 (citing *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932)). In this analysis, "facts" refers to statutory elements of the charged offense, not to the individual facts required to establish the commission of the charged offense. *Jay*, ¶ 40; *Denny*, ¶ 29. If the elements of the lesser-included offense are established by the same or less than all the facts required to prove the commission of the offense charged, we "must then determine whether the appellant's proposed instruction was supported by the evidence." *Castle*, 285 Mont. at 368, 948 P.2d at 691.

¶25 First, we can compare the elements of § 45-7-207(1)(a), MCA, tampering with evidence, and § 45-6-105(1)(a), MCA, destruction of a communication device, with this table:

| | Section 45-7-207(1)(a), MCA: Tampering with Evidence | | Section 45-6-105(1)(a), MCA: Destruction of a communication device |
|---|---|---|---|
| 1) | Purposely; | 1) | Purposely or knowingly; |
| 2) | Impairing the verity or availability; | 2) | Destroying or tampering with; |
| 3) | Of any record, document, or thing; | 3) | A telephone or communication device; |
| 4) | By alteration, destruction, concealment, or removal; | 4) | To obstruct, prevent, or interfere with; |
| 5) | With the belief that an official proceeding or investigation is pending or about to be instituted. | 5) | A report to any law enforcement agency of any criminal offense. |

Element 3 of § 45-7-207(1)(a), MCA, is inclusive of element 3 of § 45-6-105(1)(a), MCA, because "thing" would obviously include a "device." *See Denny*, ¶ 31 ("stolen property *could* also be an automobile") (emphasis in original). Both element 4 of § 45-7-207(1)(a),

MCA, and element 2 of § 45-6-105(1)(a), MCA, refer to destruction of that thing. Likewise, element 2 of § 45-7-207(1)(a), MCA, "impairing . . . availability" corresponds to element 4 of § 45-6-105(1)(a), MCA, "obstruct, prevent, or interfere with." As Carlson notes, it naturally follows that a report to law enforcement—element 5 of § 45-6-105(1)(a), MCA—would precipitate a pending or inevitable "official proceeding or investigation" as required by element 5 of § 45-7-207(1)(a), MCA.

¶26 As for the remaining element of intent, the Court resolves the question by finding a "reactive" purpose inherent to tampering with evidence, § 45-7-207, MCA, distinct from a "preemptive" purpose inherent in destroying a cell phone, § 45-6-105(1)(a), MCA. Opinion, ¶19. The Court's reliance on our reasoning in *Denny* is misplaced. Opinion, ¶ 18. In *Denny*, we found a distinction between the intent elements of § 45-6-308(1), MCA, unauthorized use of a motor vehicle, and § 45-6-301(3)(c), MCA, theft by possession of stolen property, because § 45-6-301(3)(c), MCA, requires an intent to deprive the owner of property but § 45-6-308(1), MCA, only requires that the automobile be operated without the owner's consent—not that the automobile was obtained by theft. *Denny*, ¶¶ 32-33. That element, we reasoned, was not present in § 45-6-301(3)(c), MCA, thus defeating the appellant's argument that unauthorized use of a motor vehicle constitutes a lesser-included offense to theft by possession of stolen property. *Denny*, ¶ 34. Both statutes are premised upon obtaining control over the property of another, but the *status* of the property—stolen or not, respectively—at the time the defendant exercised control over it, proved to be the dispositive distinction. *Denny*, ¶ 34. The Court finds this analogous to Carlson's situation:

13

destroying a phone prevents using the device for communication, an element not present in our tampering with evidence statutes. Opinion, ¶ 19.

¶27 However, the intent elements of both statutes concern impairing the availability or destroying the thing so that a proceeding *or* report to law enforcement is impeded, not the use of the device for communication. A distinction premised upon preemptive or reactive intent is not provided for in the statutes themselves. Section 1-2-101, MCA ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted."). Ascribing such a distinction to the statutes is nonsensical and inconsistent with the statutory language and our reasoning in *Denny*. Indeed, a "preemptive" purpose could just as easily be ascribed to the tampering statute: the defendant, believing that an "investigation is about to be initiated," destroys a "thing"— such as a cell phone—so that it is unavailable. Section 45-7-207(1)(a), MCA. Purpose here requires the defendant destroy the cell phone because she believes an investigation *will be forthcoming* and wants to make the phone unavailable. Similarly, destruction of a communication device could have a "reactive" purpose when the cell phone is destroyed because the defendant knows it has evidentiary value to the commission of an offense, for example, the recording or reporting of a partner or family member assault. Section 45-6-105(1)(a), MCA. The Court is correct in that we can—and often must— distinguish between competing intent elements when analyzing proposed lesser-included offense instructions. Opinion, ¶ 19 n.2 (quoting *Denny*, ¶ 32). But our reasoning there does not extend permission to do so in every case, especially when such a conclusion is

14

unwarranted by the analysis. Here, by inferring that tampering requires the preexistence of evidence, the Court narrows the statute in a manner inconsistent with the statute's language. The intent element for tampering does not require a defendant act with the purpose of impairing *evidence*; rather the defendant must act with the purpose of disrupting the verity or availability of a "thing" to hamper further investigations or proceedings. *Cf. Denny*, ¶ 34.

¶28 Neither statute requires a preemptive or reactive purpose incompatible with the other and the Court errs by ascribing such a distinction to these two statutes. The elements of § 45-6-105(1)(a), MCA, are met with the same or fewer facts required under § 45-7-207(1)(a), MCA. Tampering requires the State prove the defendant destroyed a phone with the belief that an investigation was pending or about to begin. Destruction of a communication device requires the State to prove that the phone was destroyed to prevent a report from being made to law enforcement. To prove that a person destroyed a phone to stop a report to law enforcement from being made satisfies the same element in tampering as destroying a phone under the belief that an investigation by law enforcement was going to be made. Accordingly, I would hold that destruction of a communication device is a lesser included offense of tampering with evidence as a matter of law.

¶29 I turn next to the second prong of our analysis to determine if sufficient evidence supports the proposed lesser included offense. *Castle*, 285 Mont. at 368, 948 P.2d at 691. It is undisputed that Carlson destroyed Dalke's phone. The record demonstrates that Dalke told Carlson he could not call law enforcement once his phone was destroyed. Dalke told Carslon he would flag down the next police vehicle he saw—an extra effort necessary to

15

overcome the obstruction of his ability to report Carlson's behavior to law enforcement due to the destruction of his phone. Finally, with neither a phone nor police patrols in the immediate vicinity, Dalke traveled on foot for nearly 10 blocks to call the police on a friend's phone. In convicting Carlson of tampering, § 45-7-207(1)(a), MCA, the jury inferred she believed an official proceeding or investigation was pending; the jury could have likewise found she destroyed Dalke's phone with the purpose of preventing him from reporting their altercation to law enforcement or recording it for purposes of an investigation. The substantial evidence in the record thus also could have supported a conviction on the requested lesser-included offense, satisfying the second step of our inquiry.

¶30 A lesser-included offense instruction serves to avoid "the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let [their] action go unpunished simply because the only alternative was acquittal." *Castle*, 285 Mont. at 367, 948 P.2d at 690. A defendant is prejudiced by the failure to give a requested lesser-included offense instruction when the evidence could support a jury finding on the lesser-included offense. *Denny*, ¶ 13 (citation omitted). Such a mistake of law prejudicially affecting a defendant's substantial rights is reversible error. *Denny*, ¶ 13. Here, Carlson was undoubtedly prejudiced by the District Court's failure to give the requested lesser-included instruction, which could have resulted in her conviction for misdemeanor destruction of a communication device rather than felony tampering with physical evidence.

16

¶31 Carlson's conviction for Tampering with Evidence, § 45-7-207(1)(a), MCA, should be reversed because the jury was not provided with instructions for the lesser included offense of Destruction of a Communication Device, § 45-6-105(1)(a), MCA. As the Court concludes otherwise, I dissent.

/S/ LAURIE McKINNON